## AMIS *v.* COOPER.

Where suit was brought before a justice of the peace, and an appeal taken, it was not error in the circuit court to refuse the defendant leave to file a set-off, none having been filed before the justice.

The defendant in such case could not prove any matter of set-off, because there was no set-off on file.

*Appeal from Dallas Circuit Court.*

Hon. LIBERTY BARTLETT, Circuit Judge.

GALLAGHER & NEWTON, for appellant.

The set-off not having been pleaded before the justice of the

peace, proof of a set-off was incompetent in the trial before the circuit court. *Gould's Dig., ch. 99, sec. 196.*

WALKER, C. J.

This is an action upon account in a justice's court. No set-off was filed before the justice, and, upon the trial, judgment was rendered in favor of Amis, from which Cooper appealed to the circuit court.

When the case came up for trial in the circuit court, the defendant, Cooper, moved the court for leave to file a set-off, which motion the court overruled. Upon the trial, Amis proved his account and rested; whereupon the defendant offered in evidence a paper proven to be in Amis' hand-writing, in which the items of his own account were set out, and at the foot of the account, credited by sundry items of account and a note against him. Amis objected to the introduction of the paper as evidence, because no set-off had been filed, and because there was no evidence of the circumstances under which this paper was written, nor the purpose or use to be made of it. But the court overruled the objection, and, sitting as a jury, received the evidence, after which the court decided in favor of the plaintiff, and rendered judgment in his favor for $323.

There can be no question but that the court erred in permitting the paper to be read in evidence, because, no matter how clearly it might have proven the indebtedness of the plaintiff for the items credited, still, unless the defendant had filed his set-off in proper time under the statute, there was no issue before the court to which the evidence could apply.

It was not error in the circuit court to refuse permission to file the set-off in the circuit court, none having been filed before the justice. To have done so would have changed the issue tried before the justice, and been in violation of the statute. *Dig., sec. 196, page 681.*

Judgment reversed, and the cause remanded for further proceedings.