## COOPER (G. M.) v. THE STATE.

1.  CRIMINAL PLEADING : *Indictment for disposing of mortgaged property.*
    An indictment charging that the accused "feloniously did sell, bar-
    ter or otherwise dispose of" a mortgaged horse is bad for uncer-
    tainty.  The manner of the disposal must be specified.

2.  SAME : *General demurrer to good and bad counts, bad.*
    A general demurrer to an indictment containing several counts should
    be overruled if either count be good.

3.  CRIMINAL LAW : *General verdict on good and bad counts, when good.*
    A general verdict of guilty on an indictment containing good and
    bad counts is good, if the good count be sustained by evidence.

4.  INFANT : *His trust deed not void, nor voidable for necessaries.*
    An infant's trust deed is not void, nor voidable, to the extent it is for
    necessaries.

5.  SAME : *How far and by what contracts bound.*
    An infant is bound for necessaries for both himself and his wife, but
    he is not bound by any express contract for necessaries to
    the extent of the contract, but only on an implied contract for their
    value.

6.  SAME : *His contracts: when void and voidable.*
    When the instrument given by an infant as security for payment is
    such that its consideration cannot, by the rules of law, be inquired
    into, it is void and not merely voidable; but if it be such that the
    consideration can be inquired into he is liable thereon for the true
    value of the necessaries for which it was given.

7.  EVIDENCE : *When exclusion of legitimate is no prejudice.*
    A party is not prejudiced by the refusal of the court to admit legiti-
    mate testimony which he offers, if it would be unavailing without
    other testimony which he does not offer.

APPEAL from *Lawrence* Circuit Court.

Hon. R. H. POWELL, Circuit Judge.

*Cooper*, for appellant.

No offense to remove property mortgaged under Act
1877.  *See Acts* 1877, *p.* 81.

Court erred in excluding testimony of mother of defendant. An infant cannot be held guilty, criminally, for the violation or breach of a civil contract. 1 *Story on Cont.*, *Secs.* 66 *and* 79, *and notes on pp.* 109–10–11. *Parsons on Cont.*, 268–269.

*C. B. Moore, Attorney-General*, for appellee:

(See preceding case.)

ENGLISH, C. J. There were two counts in the indictment in this case, which is similar in some of its features to the case of *Isaac Z. Cooper v. State, ante.*

The first count charged in substance, that George M. Cooper, on the first day of June, A. D., 1881, in the county of Lawrence, etc., "feloniously did *sell, barter or otherwise* dispose of a certain mule of the value of fifty dollars, on which said mule a lien then and their existed by virtue of a certain deed of trust executed by the said George M. Cooper on the twenty-eighth day of February, 1881, in favor of G. Kaufman, as trustee for the benefit of E. Krone & Co., etc., on which said deed of trust was the following endorsement, to-wit: This instrument is to be filed, but not recorded. E. Krone & Co., "and was duly filed in the office of the recorder of deeds in and for said county of Lawrence, he, the said George M. Cooper, then and there, not having the consent of said G. Kaufman, trustee as aforesaid, or E. Krone & Co., so to do," etc.

The second count charged, in substance, that said George M. Cooper on etc., at, etc., *feloniously did remove beyond the limits of said county of Lawrence*, a certain mule of the value of fifty dollars, on which said mule a lien then and there existed by virtue of a certain deed of trust executed by said George M. Cooper, etc., etc., describing the deed of trust, etc., as in the first count.

I.   Appellant entered a general demurrer in short to the whole indictment, which the court overruled. *1. Indictment, bad for uncertainty.*

The first count of the indictment, which charges that the appellant did *sell, barter, or otherwise dispose of the mule,* was bad, for uncertainty, as held of the third count of the indictment in Isaac Z. Cooper's case.

But the second count, charging the removal of the mule beyond the limits of Lawrence county, in which the deed of trust was in legal effect recorded, was good, and the demurrer being to the whole indictment, was properly overruled. *2. General Demurrer to good and bad counts, bad.*

II.   On plea of not guilty, appellant was tried by a jury; there was a general verdict of guilty, and he was sentenced to the penitentiary for one year, and refused a new trial. *3. General verdict on good and bad counts, when good.*

The bill of exceptions shows, that on the trial there was evidence conducing to prove that after the deed of trust, described in the indictment, had been executed, acknowledged and filed in the office of the recorder of Lawrence county, and before the 1st of June, 1881, appellant, without the consent of the trustees or beneficiaries, took the mule to Randolph county, and there sold or traded it to one, Bud Davis.   The evidence related to, and sustains the charge in the second count of the indictment, and the general verdict was good, though the first count was bad, as held in Isaac Z. Cooper's case.

III.   After the state had closed, having introduced additional evidence to that stated above, which will be noticed below, appellant offered to prove by Amanda Horseman, his mother, that he was a minor, but twenty years old when the deed of trust was made, and was still under twenty-one years of age; that his father was dead, and that he had no guardian, and that she resided in Randolph county; which the court excluded. *4. Infant's trust deed for necessaries, not void nor voidable.*

Appellant offered to introduce no other evidence.

The recitals of the deed of trust, executed 28th February, 1881, showed that the appellant represented to Krone & Co. that he intended to, and agreed to cultivate, that year, twenty acres in cotton on a farm in Lawrence county, known as the Jenkins place; that he was then indebted to them in the sum of fifty dollars for supplies theretofore furnished, and proposed to purchase of them such other articles of merchandise as might be necessary or useful to himself, his family and laborers, for the purpose of making and gathering his said crop, etc.

The deed, after the recitals, proceeds to convey to the trustee the future cotton crop and the mule in controversy, to be kept on the farm as security for the then indebtedness of appellant, and for the supplies to be thereafter furnished by Krone & Co.

The state proved by Kaufman, the trustee, that Krone & Co. furnished the appellant, after the execution of the trust deed, about fifty dollars in value, of supplies; that the goods bought by appellant, under the trust deed, were such as were necessary for him and his wife to live upon and to make a crop with; that he had a wife, lived to himself, and owned the property mortgaged.

The State also proved that E. Krone went to the residence of appellant in Lawrence county, in June, 1881, and asked him where the mortgaged mule was; that he first denied having sold or removed the mule, but upon being pressed as to where it was, finally said he had taken it to Randolph county and sold it to Bud Davis; said he knew he was doing wrong when he removed and sold the mule, and wanted to compromise the matter with Krone.

It was also proved that after this that Krone went to Randolph county and got the mule.

The only material matter which appellant offered to prove by his mother was that he was but twenty years of

age when he executed the trust deed, and had not reached majority at the time of the trial. He did not offer to prove by her or any other witness, that the supplies, advanced upon the trust deed, were not necessaries, as proved by Kaufman, the trustee.

The trust deed was not void, for the reason that appellant was a minor when it was executed, nor was it voidable, to the extent that it was for necessaries.

Appellant was living to himself and had a wife, and was liable for necessaries for both. *Metcalf on Contracts, p* 69, *etc.*

5. INFANT: How far, and for what contracts bound.

An infant is not bound by any express contract for necessaries to the extent of such contract, but is bound only on an implied contract to pay the amount of their value to him. When the instrument given by him as security for payment is such that, by the rules of law, the consideration cannot be enquired into, it is void and not merely voidable ; but whenever the instrument is such that the consideration thereof may be enqired into, he is liable thereon for the true value of the articles for which it was given. *Ib., p* 75 ; *Reeve's Domestic Relations*, 229-230 ; *Stone* v. *Dennison*, 13 *Pick.*, 6-7 ; *Guthrie* v. *Morris et al*, 22 *Ark.*, 411.

6. HIS CONTRACTS: When void, and voidable.

In the case last cited, this court approving the above rule, held that an infant might bind himself for necessaries by a bond, inasmuch, as by statute, the consideration of a bond might be inquired into and impeached, and that in a suit on the bond, plaintiff might recover, if infancy was pleaded, so much as was for necessaries.

The deed of trust was under seal, but private seals being abolished, the seal added nothing to the dignity or solemnity of the instrument.

In a foreclosure suit the consideration would be open for inquiry, and recovery had, on plea of infancy, for the value of such of the supplies as were necessaries.

7. EVI-
DENCE:
When
exclusion
of legiti-
mate, no
prejudice.

Appellant was not therefore prejudiced by the exclusion. of the evidence offered as to his age. Of itself, (and no other was proposed,) it would have been of no legal benefit to him, if admitted. *Lawrence County* v. *Coffman*, 36 *Ark.*, 642.

The deed of trust was not void or voidable, to the extent it was for necessaries, and appellant could not treat it as invalid, or disaffirm it by removal and sale of the mule.

