## TEXAS & ST. LOUIS RAILWAY V. HALL.

1. REPLEVIN: *Defense in justice of the peace's court and on appeal.*
   It is not necessary for a defendant to file a written answer to the complaint or affidavit in replevin in the justice's court, or in the Circuit Court on appeal. He can defend in the Circuit Court without any answer at all in the justice's court.

2. APPEAL FROM JUSTICE OF THE PEACE: *Amendments in Circuit Court.*
   In appeals from a justice's court, the Circuit Court may permit amendments and new issues to be made, excluding new causes of action and set-offs not presented in the justice's court.

APPEAL from *Miller* Circuit Court.
Hon. C. E. MITCHEL, Circuit Judge.

*Lawrence A. Byrne* for appellant.

The court erred in striking out the answer of defendant and in affirming the judgment of the justice without a hearing. (*35 Ark.*, *445; 36 Ib.*, *501; 42 Ib.*, *485.*) The cause should have been tried *de novo*, and defendant had the right to answer or go to trial and have a hearing without any answer whatever. See cases *supra*.

COCKRILL, C. J. Hall sued the railroad in replevin for two bales of cotton before a justice of the peace. There was a trial and judgment for the plaintiff. The justice made no record of the nature of the defense made by the railroad company, and in the Circuit Court, on appeal, in response to a rule on him to amend his record, he stated in writing that the railroad had filed no written answer but appeared on the trial day and denied the plaintiff's title and right of possession to the cotton, and laid claim to the property in its own right. He stated further that

there was no answer to the affidavit for the order of delivery, but that the defendant went to trial on the evidence without such answer. In the Circuit Court the railroad filed an answer denying that plaintiff had title or was entitled to possession of the cotton, and alleged title in itself. The plaintiff moved to strike the answer from the files because, as was alleged, it set up defenses not pleaded before the justice; and the court granted the motion and ordered the answer stricken from the files. The plaintiff then moved for judgment against the defendant because there was no answer. The court thereupon affirmed the judgment of the justice, and without evidence entered the same judgment rendered by the justice.

1. REPLEV-
IN:
Defenses
in justice
of peace's
court and
on appeal.

It is apparent from the transcript of the justice's record, that the defendant contested the plaintiff's right of recovery. It was not necessary that this should be done under a written answer in either court.

2. Amend-
ments on
appeal in
Circuit
Court.

The justice neglected to note the substance of the defendant's answer on his docket, but when called upon to amend his transcript made it appear that the same issues were made before him as were tendered in the Circuit Court. The plaintiff had presented his case with the formality usual in the superior courts. He had filed a written complaint and a separate affidavit in replevin. The affidavit required no answer. (*Donnelly v. Wheeler, 34 Ark., 111.*) If there had been no answer at all in the justice's court, the defendant could not be precluded from making defense to the action in the Circuit Court on appeal. The Circuit Court may permit amendments and allow new issues to be made, keeping clear of new causes of action and set-offs not presented in the justice's court. *Mans. Rev. St.*, secs. *4151, 1367; Hall v. Doyle, 35 Ark., 445; Chowning v. Barnett, 30 Ib., 560.*

It was error in the Circuit Court to strike out the de-

fendant's answer and then treat the case as though the defendant were in default in prosecuting the appeal. There was no necessity for a written answer in the Circuit Court, and if none had been made the defendant was entitled to a trial *de novo* upon the issues made before the justice. It was error in the Circuit Court to affirm the judgment without a hearing. *Hall v. Doyle, sup.; Touhy v. Rector, 26 Ark., 315; Mansf. Rev. St., sec. 4152.*

The judgment is reversed and the case remanded for further proceedings.