HUMPHREYS v. DAVIDSON.

No. 49.    Opinion Filed May 12, 1909.

(102 Pac. 91.)

COURTS—Territorial Courts—Commissioner's Court—Appeal—Set-off.
Where an action was brought in an United States commissioner's court and appeal taken prior to statehood, it is not error for the district court of the county in which such appeal is pending to refuse defendant leave to file a set-off not filed in the commissioner's court, or one having been filed without leave after such appeal to strike it out.

(Syllabus by the Court.)

*Error from District Court, Grady County; Frank M. Bailey, Judge.*

Action by A. Davidson against Horace Humphreys. Judgment for plaintiff. Defendant brings error. Affirmed.

*Bond & Melton,* for plaintiff in error.

*R. D. Welborne,* for defendant in error, citing: *Amis v. Cooper,* 25 Ark. 15; *Railway Co. v. Hall,* 44 Ark. 375; *Railway Co. v. Richter,* 48 Ark. 349.

DUNN, J. This case presents for our consideration an appeal from a judgment of the district court of Grady county. On July 10, 1907, the defendant in error, who was plaintiff below, filed an action in the court of the United States commissioner at Chickasha, located in what was then Indian Territory, against the plaintiff in error, on a certain promissory note which it is alleged had been executed and delivered by the defendant and which plaintiff had bought for a valuable consideration, and of which he was then the owner and holder. The note was a Texas contract, and provided for interest at the rate of 10 per cent. per annum from maturity, and an attorney's fee if placed in the hands of an attorney for collection, all of which appeared from the face of the note and were pleaded by plaintiff in his complaint. Judgment on default was rendered in favor of plaintiff in the commissioner's court, from which defendant appealed to what was then the United States Court for the Southern District of the Indian Territory at Chickasha. While the cause was there pending and untried, statehood intervened, and by virtue of the terms of the Enabling Act and the Schedule to the Constitution the district court of Grady county took jurisdiction of the cause. The defendant filed an answer in that court, in which he admitted the execution and delivery of the note, and admitted plaintiff was the owner and holder thereof, and the amount due thereon was in accordance with the prayer of plaintiff's complaint. No denial of any of the allegations of plaintiff's complaint were contained in the answer, but a second paragraph thereof pleaded a set-off, amounting to $125, which defendant alleged plaintiff owed him by virtue of having indorsed a certain check which went to protest. Upon the cause coming on for hearing, the plaintiff filed a motion to strike from the files that part of the answer of defendant

wherein the said set-off was pleaded, showing for grounds that the same was not filed or pleaded in the United States commissioner's court, where the cause was originally tried, and for further reason that no leave of the court was obtained to file the same, and praying judgment for the amount of the note sued on in accordance with the prayer of the complaint. This motion was by the court sustained and judgment rendered, and it is this action on the part of the court upon which the defendant predicates his allegations of error in this court. In our opinion the court did not commit error in so ruling.

Section 2730 of the Statutes of Indian Territory, applicable at the time of the trial of the cause in the commissioner's court, provides that the pleadings may be written or oral and that all cross-demands or set-offs shall be made, if at all, at the time the answer is put in. And section 2731 provides that any written instrument upon which a set-off is founded shall.be filed with the claim founded thereon or a sufficient reason given for not doing so. To our minds the foregoing sections of the statute make it clear that, if defendant desired to set off as against the claim of plaintiff any claim which he had against him, it is essential that this be done in the first instance. We can gather no other meaning, inference, or purpose in the provisions of the foregoing statutes if this is not true. Our conclusion on this matter is strengthened when we consider the fact that section 2831 of the same statutes provides that "the same cause of action, and no other, that was tried before the justice shall be tried in the circuit court upon the appeal." We believe it to be clear that the cause of action contained in this set-off, not being one which was tried before the commissioner, could not under the terms of this language be one that could be tried upon appeal. If this language stood alone, to our minds it would be conclusive of this subject; but, when we find that.it is followed immediately by the following language, it appears to us that the question is removed from reasonable grounds of contention:

"And no set-off shall be pleaded that was not pleaded before the justice."

As this set-off it is conceded was not pleaded before the justice or the United States commissioner in this case, it is our conclusion that it was not a proper subject for the consideration of the court on appeal. In this conclusion we are supported by several decisions of the Supreme Court of Arkansas, from whence these statutes sprung: *Amis v. Cooper*, 25 Ark. 14; *Texas & St. L. Ry. v. Hall*, 44 Ark. 375; *St. Louis, I. M. & S. Ry. Co. v. Richter*, 48 Ark. 349, 3 S. W. 56.

Counsel for defendant, however, argue that the right of defendant to plead such set-off was governed by the statutes in force at the time the appeal was filed, and that, by virtue of statehood and the extension, under the terms of the Enabling Act and the Schedule to the Constitution, of the laws of Oklahoma over that portion of the state formerly Indian Territory which included the court where this cause was then pending, defendant's rights should be weighed under the terms of the statutes so extended, and not under those of Arkansas. Conceding this to be well founded, we find that section 119, art. 10, c. 67 (5046) Wilson's Rev. & Ann. St. Okla. 1903, pertaining to the trial of all causes in the district court on appeal from judgments rendered before a justice of the peace, provides that "the cause shall be tried *de novo* in the district court upon the original papers on which the cause was tried before the justice unless the appellate court, in furtherance of justice, allow amended pleadings to be made, or new pleadings to be filed." The answer in this case appears to have been filed without this allowance by the court, and its action in striking the set-off pleaded from the answer was action tantamount to a denial of its being filed. We are not able to say that such action on its part was error and abuse of its discretion when we consider the fact that under the Arkansas practice which existed at the trial of this cause in the commissioner's court a failure to timely file a set-off was virtually a waiver; also, when we further consider that under those statutes, defendant, claiming a set-off, was given the

right to file it in the commissioner's court, and denied the right to file it on appeal from its judgment. This waiver on the part of defendant to our minds established in plaintiff a right to claim and have allowed the rule that, since defendant spoke not when the law permitted and required him to, no error would be committed in the denial of permission to speak when the same depended upon the exercise of the indulgence of discretion on the part of the court. The status of the action and of the parties were fixed as to this set-off by the defendant in the commissioner's court, and we are not able to conclude that the changing of this status over the protest of plaintiff in the district court would be in furtherance of justice.

The judgment of the lower court is accordingly affirmed.

Kane, C. J., and Turner and Williams, JJ., concur; Hayes, J., disqualified and not sitting.