## MEDDOCK *v.* WILLIAMS.

### Opinion delivered June 21, 1909.

1. APPEAL FROM JUSTICE OF THE PEACE—PLEADINGS.—Where a cause is appealed from a justice's court to the circuit court, the defendant may in the latter court plead the statute of limitations for the first time. (Page 94.)

2. TRIAL—REMARKS OF COUNSEL—OBJECTION.—Appellant cannot complain of remarks of opposing counsel which were not objected to in the lower court. (Page 94.)

Appeal from Greene Circuit Court; *Frank Smith,* Judge; affirmed.

*Huddleston & Taylor,* for appellant.        -

1. Statutes of limitation must be pleaded even before a justice of the peace. 25 S. W. 32; 3 *Id.* 3, 7.

2. It was an error to submit to the jury the wrong issue, and refuse the right one, viz, that plaintiff was to cultivate the land he cleared.

3. While no pleadings (written) were necessary, if a party elected to plead in writing he is bound thereby, and it was error to permit plaintiff to testify about twelve days' labor.

4. The improper conduct and language of counsel for plaintiff, without rebuke by the court, is sufficient for reversal. 70 Ark. 308; 63 *Id.* 174; 76 N. W. 462.

HART, J. On the 8th day of March, 1907, R. L. Williams brought suit against J. E. Meddock before a justice of the peace for $71.50 for work done in clearing, fencing and cleaning up some land of Meddock.

Meddock claimed that Williams was to cultivate all lands which he cleared; otherwise that nothing was due him for the clearing and fencing. He further pleaded payment, and also as a setoff an account for supplies alleged to have been furnished Williams by him during the previous year.

The trial in the justice's court resulted in a verdict and judgment in favor of Williams for $34.25. On a trial *de novo* in the circuit court, Williams interposed a plea of the statute of limitations to the setoff claimed by Meddock.

There was a jury trial and a verdict in favor of Williams for $25. From the judgment entered thereon Meddock has appealed to this court.

His counsel assigns as error the action of the court in allowing Williams to plead the statute of limitations for the first time in the circuit court. We hold that this was not error.

Sec. 1314 of Kirby's Digest provides that appeals from all inferior courts to the circuit court shall be tried *de novo*.

Sec. 4682 provides that "the same cause of action, and no other, that was tried before the justice shall be tried in the circuit court on appeal, and no setoff shall be pleaded that was not pleaded before the justice, if the summons was served on the person of the defendant."

In construing these two sections in the case of *Texas & St. Louis Railway* v. *Hall,* 44 Ark. 375, Chief Justice COCKRILL, speaking for the court, said: "If there had been no answer at all in the justice's court, the defendant could not be precluded from making defense to the action in the circuit court on appeal. The circuit court may permit amendments and allow new issues to be made, keeping clear of new causes of action and setoffs not presented in the justice's court."

This is conclusive of the question. Manifestly, the plea of the statute of limitations is neither a new cause of action nor a setoff.

In the re-direct examination of the plaintiff by Mr. Block, one of his attorneys, appears the following:

Q. "This man Reed, I will ask you if that is the same man that Jim (referring to the defendant) had called as a witness in your case?" A. "Yes, sir." Mr. Huddleston: "We object." Mr. Block: "I am going to show that this man Reed is one

of Jim's paid witnesses in any lawsuit that he has had."

Counsel for defendant assigns as error the action of the court in permitting Mr. Block to make the remarks above quoted in the presence of the jury, but counsel is in no attitude to complain of this because he did not make any objection thereto. It will be seen from an examination of the record on this point that counsel did not object to the remarks of opposing counsel of which he now complains; but that his objection was to the question that preceded the remarks.

Counsel for the defendant also assigns as error the action of the court in permitting certain questions to be asked witnesses. In each instance objections were made to the questions, and the objections were sustained. The objections to the questions having been sustained, we do not think any prejudice resulted to the defendant from the form in which they were asked.

Counsel for defendant also insists that the court erred in its instructions to the jury. After a careful examination of them, we are of the opinion that the instructions fully presented the respective theories of the parties, and fairly submitted the issues made by the pleadings and evidence.

Finding no prejudicial error in the record, the judgment is affirmed.