CROCKETT MOTOR COMPANY *v.* THOMPSON.

Opinion delivered June 4, 1928.

*Ward & Ward,* for appellant.
*Dudley & Dudley,* for appellee.

HUMPHREYS, J. Appellant brought suit against appellee, in the court of a justice of the peace in Clay County, to recover the balance due for an automobile purchased from it by appellee, amounting to $180.76. The justice of the peace found the issues for appellee, and appellant appealed to the circuit court of said county, Eastern District. Appellee failed to appear himself in the circuit court when the case was called for trial, but his father appeared, and, over the objection and excep-

tion of appellant, was appointed guardian *ad litem* for his son, upon the representation that he was a minor, and was allowed to interpose his son's minority and disaffirmance of the contract as a defense to appellant's alleged cause of action.

On the trial of the cause it was disclosed by the undisputed testimony that appellee was a minor when he purchased the automobile; that he lived out in the country two or three miles, with Mr. Thompson, and that he used the machine to drive back and forth to town and to drive around with his friends. At the conclusion of the testimony the court instructed the jury to return a verdict for appellee, over appellant's objection and exception. Judgment was rendered in accordance with the instructed verdict, dismissing appellant's complaint, from which is this appeal.

Appellant's first contention for a reversal of the judgment is that the disaffirmance of the contract of sale and purchase was interposed as a defense the first time in the circuit court on appeal. It is immaterial whether the defense was interposed before the justice of the peace. On appeal from justices' courts to the circuit court, on trials *de novo,* any defense may be interposed to the action, except set-off which was not pleaded before the justice. *Texas & St. Louis Ry.* v. *Hall,* 44 Ark. 375; *Meddock* v. *Williams,* 91 Ark. 93, 120 S. W. 842. Error was not committed in allowing the plea of minority and disaffirmance of the contract in the circuit court. The defense was neither a new cause of action nor a set-off.

Appellant's next contention for a reversal of the judgment is that only a minor himself can disaffirm his contract. This may be true after a minor reaches his majority and within the statutory period of limitations, but we know of no law inhibiting a natural guardian, or guardian *ad litem,* from disaffirming his child's or ward's contract when an attempt is made to enforce it during the minority of the child or ward. Appellant cites the cases of *Bozeman* v. *Browning,* 31 Ark. 364, and *Cooper* v. *State,* 37 Ark. 421, in support of this contention.

Neither case has any application to the point involved here. The Bozeman case simply announces the doctrine that no one but a minor's legal representative, after his death, or his privies in blood, may disaffirm his contract; and the Cooper case simply announces the doctrine that a minor is not bound by any express contract for necessaries, but bound only on an implied contract to pay value for them.

Appellant's last contention for a reversal of the judgment is that the automobile was one of the necessaries of life, for the price of which appellee was liable. It is true that minors may be required to pay for necessaries of life, but, where a minor uses an automobile for pleasure and to ride a few miles to town and back, as in the instant case, it cannot be characterized as a necessity of life for which he may be required to pay.

No error appearing, the judgment is affirmed.