BRACY *v.* MILLER.

Opinion delivered December 14, 1925.

1. INFANTS—SPECIFIC PERFORMANCE.—An infant cannot specifically enforce an executory contract to purchase land, though after suit he attained his majority and ratified the contract; there being an absence at the time the contract was made of mutuality of right and remedy.

2. INFANTS—RIGHT TO RESCIND CONTRACTS.—The protection given by law to an infant in his contracts is the right of rescission, and, in the absence of rescission, his contracts are construed like those of an adult, and, so long as an infant asserts contractual rights, he is bound by reciprocal obligations.

3. INFANTS—SPECIFIC PERFORMANCE.—Where an infant 19 years old purchased land under an executory contract making time of the essence of the contract, he cannot have the contract performed specifically after attaining majority on account of failure to act promptly, nor could he have that relief during minority, since the relief asked would not then be mutual.

4. SPECIFIC PERFORMANCE—DILIGENCE IN ASSERTING RIGHT.—A party entitled to specific performance of a contract to convey land cannot hold back from assertion of his rights and speculate on the advantage of performance, but must be vigilant and prompt in asserting those rights, or he will be left to his remedy at law.

Appeal from Pulaski Chancery Court; *Verne McMillen,* Special Chancellor; affirmed.

*Horace Chamberlin,* for appellant.

*Carmichael & Hendricks,* for appellee.

SMITH, J.   On May 11, 1922, appellant Bracy, then a minor under nineteen years of age, entered into the following contract:

"Received of Buford Bracy the sum of fifty and no 100 dollars as part payment on the following described property: lots 1 and 2, block 2, C. H. Taylor's Addition. Balance to be paid as follows: $500 on or before June 12, 1922, and $1,300 on or before August 12, 1922, with interest at seven per cent. per annum from date. The purchase price of this property is $1,850, and the above payment is accepted on the following conditions, viz: that the owner will approve the terms of sale and furnish a good title; otherwise the above payment

shall be returned to Buford Bracy and the deal canceled. Property to be free of all incumbrances. If the deal is not completed as above specified, then the payment made herewith shall be forfeited as liquidated damages.

"Accepted,   Buford Bracy, Purchaser

"Louis Miller, Owner and Agent."

This suit was brought by appellant to enforce the specific performance of this contract, and it was alleged in the complaint that Louis Miller was the authorized agent of his mother, Mrs. Christina Miller, who was the defendant below and is the appellee here. The payments required by the contract to be made on June 12, 1922, and August 12, 1922, were duly tendered, with interest, but were refused by Mrs. Miller, who declined to execute a deed. Thereupon appellant tendered the sum due under the contract, with interest, and again demanded a deed, and, when this demand was refused, he brought this suit, and prayed that the specific performance of the contract be decreed. This suit was brought by appellant's father as next friend, and remained on the docket without being tried until appellant had attained his majority, at which time he prayed and was granted permission to prosecute the suit in his own name.

The chancery court found all the disputed questions of fact in appellant's favor, but denied the relief prayed upon the ground that appellant was a minor at the time the contract was made, and also at the time suit was brought to enforce it, and, notwithstanding the fact that he had attained his majority before the date of the trial and had affirmed the contract, the court held he was not entitled to equitable relief because of his infancy at the time the contract was signed, and at the time suit was begun. Was appellant entitled to the relief prayed? The appeal presents no other question.

In Fry on Specific Performance, § 460, it is said that "a contract to be specifically performed by the court must, as a general rule, be mutual, that is to say, such that it might, at the time it was entered into, have been

enforced by either of the parties against the other of them. When, therefore, whether from personal incapacity to contract, or the nature of the contract, or any other cause, the contract is incapable of being enforced against one party, that party is generally incapable of enforcing it against the other, though its execution in the latter way might in itself be free from the difficulty attending its execution in the former.''

Illustrating this statement of the law, it is said, in the following section of the same work, that ''an infant cannot sue (for specific performance), because he could not be sued for a specific performance.''

At § 196 of Waterman on the Specific Performance of Contracts it is said: ''To entitle a party to specific performance, there must not only be a valid and binding agreement, but, as a rule, the contract, at the time it was entered into, must have been capable of being enforced by either of the parties against the other. In other words, there must be mutuality both as to the obligation and the remedy. It follows, that a party not bound by the agreement itself has no right to call upon the court to enforce performance against the other contracting party by expressing a willingness in his bill to perform his part of the agreement.''

In 25 R. C. L., page 232, at § 33 of the chapter on Specific Performance, it is said: ''It is frequently stated as a general principle of equity that a contract will not be specifically enforced unless it has such mutuality that it may be enforced by either party, and the language adopted by numerous courts is to the effect that equity will grant a decree of specific performance only in cases where there is a mutuality of obligation and of remedy. In accordance with this doctrine of mutuality it is held that when a contract for any reason cannot be enforced against one of the parties such party will not be permitted to enforce it specifically against the other party, although except for this particular rule the contract would otherwise have been enforceable. It has

been said that the whole contract must be enforceable on both sides, or at least such part of it as the court can ever be called upon to enforce; but this rule seems to be subject to some exceptions, and among the exceptions are the cases of contracts where the consideration is entire, but the performance separate.''

At § 35 of the same chapter it was also said: ''By reason of the doctrine of mutuality an executory contract containing mutual covenants which is not enforceable as regards one of the parties because of infancy, coverture, or other disability, will not be enforced in equity against the other party. Hence it is a general rule that where a married woman does not have capacity to bind herself to the performance of an executory contract, the party assuming to contract with her is not, in equity, obliged to perform such contract on his part. Similarly an infant cannot sustain a suit for the specific performance of a contract, because the remedy is not mutual.''

In the notes to the text quoted from many cases are cited, a number being cases which have been annotated, and cases to an indefinite number could be cited to support the text quoted. It is unnecessary to do this, however, as the rule appears to be universal that there must be mutuality both as to liability and remedy before relief by way of specific performance will be granted either party. This doctrine was announced by this court in the early case of *Nicks' Heirs* v. *Rector*, 4 Ark. 251, and has since been reaffirmed in a number of cases.

Appellant insists, however, that this rule is not applicable here for the reason that he has tendered full performance of the contract, and ratified the contract after attaining his majority. He states his position as follows: ''One who voluntarily makes an executory contract with an infant is, under our law, charged with knowledge of the fact that the infant has a designated period of time after he reaches his majority in which to elect whether he will affirm or disaffirm his contract.''

, At paragraph 10 of the chapter on specific performance in 36 Cyc. page 629, it is said: "Specific performance of an infant's contract at his suit is refused, in England, on the ground that there is no mutuality of remedy; but this ruling has not been universally followed in this country, since it enables the other party to the contract to take advantage of plaintiff's infancy, and thus contravenes the general policy of the law relating to infant's contracts. After the infant becomes of age, he may enforce in equity contracts made by him during his minority; the fact that they were previously voidable by him is no defense."

In support of the statement of the text that, after an infant becomes of age, he may enforce in equity contracts made by him during his minority, and that the fact that they were previously voidable by him is no defense, the case of *Clayton* v. *Ashdown,* 9 Vin. Abr. 393, pl. 1, is cited.

In our present investigation of the question under consideration we have found many citations to this old English case. The facts there were that Fuller, during his minority, by himself and through his guardian, entered into articles with the defendant to let him a farm at a certain rent. The defendant entered upon the farm and paid rent until after Fuller became of full age. After that Fuller conveyed the fee to the plaintiff in that case, who sought to enforce the provisions of the original contract in regard to the renewal of the lease, whereupon the defendant quit the farm, insisting that he was only a tenant at will, and refused to accept a lease because Fuller was an infant at the time of making the agreement, and for that reason was not bound by it and therefore the defendant ought not to be bound. It was insisted that the defendant was bound by the articles though Mr. Fuller had his election, at full age, to perform or not perform the articles, "for though in such cases the infant has his election at his full age, the other party has not his election, but is bound by such agreement with an

infant.''. Upon this statement of facts the opinion in this old case was as follows: ''But Harcourt, C., decreed that the plaintiff should execute a lease to the defendant, and the defendant execute a counterpart of such lease to the plaintiff in pursuance of the articles, and the defendant to pay costs. Ms. Rep. Trin. 13 Ann. in Canc. *Clayton* v. *Ashdown*.''

It will be observed that in this case just quoted from the tenant entered into and retained possession and paid rent until after the minor was of full age. These facts imposed a continuing obligation on the tenant to perform the agreement of tenancy by renewing the lease, and this possession continued until the minor was of age, after which time it was, of course, too late for the tenant to raise the question that the original contract was voidable on account of Fuller's minority. Of course, if one who contracts with a minor remains in possession of and enjoys the consideration inducing the contract until the minor attains his majority, he cannot then be heard to say that he will not further perform because the minor could not have been required to perform during the period of his infancy.

There can be no question here but that appellant Bracy could not, during his minority, have been compelled to comply with the contract to purchase the lots.

In the case of *Arkansas Reo Motor Car Co.* v. *Goodlett*, 163 Ark. 35, a girl slightly under the age of eighteen years purchased a used car from the motor company, paying part cash and giving notes for the balance, two of which she subsequently paid. After using the car in such manner that its value was destroyed the girl brought suit to rescind her contract of purchase on account of her infancy, and to recover the payments in cash which she had made on the car. The right of the infant was upheld by us, and in that connection we said: ''There is a wide conflict in the authorities as to the rights of an infant in the disaffirmance of a contract, and different reasons have been given by various courts in reaching the same conclusion; but this court is firmly committed

to the rule that an infant may disaffirm his contracts, except those made in the course of his necessities, notwithstanding the other parties to the contracts may be unaware of the infant's disabilities, and without requiring the infant to return the consideration received, except such part as may remain *in specie* in his hands. (Citing cases)."

We recognized and there stated that it was a harsh rule which permitted an infant to rescind under the circumstances, but it was our view that the rule was justified, even in instances where its application was harsh, as the only means whereby infants might be protected from improvident contracts.

Now it is certain that appellant Bracy could not have been required to perform the contract of purchase by completing the payments during his minority. On the contrary, he had the right to rescind at any time during his minority, and to recover back the payment he had made. It appears, therefore, that he was asking a remedy against appellee which she could not have enforced against him. There was lacking, therefore, that mutuality of right and remedy which must exist to entitle one to specific performance.

In the case of *Davie* v. *Padgett,* 117 Ark. 544, this court reaffirmed what it had previously said, that the contract of an infant was not void, but was voidable only at the instance of the infant himself, and that only the infant can take advantage of his incapacity to contract.

But appellee is not asking any affirmative relief. She only prays that the relief be not granted appellant which she herself could not have asked because of his minority, and this lack of mutuality appears to be a sufficient reason for denying appellant the relief prayed.

Appellant insists that one who makes an executory contract with an infant must know that the infant has the right until he reaches his majority to elect whether he will affirm or disaffirm his contract. We think this declaration of law has no controlling effect here. The protection which the law gives an infant is the right of

rescission. His contracts which are not rescinded are construed like those of an adult, and so long as he asserts contractual rights he is bound by reciprocal obligations.

The contract out of which this litigation arises makes time of its essence by providing a forfeiture of the payment made as liquidated damages. But, if this were not so, the law would imply that the contract should be performed within a reasonable time, and appellant's minority would have given him no right to require appellee to stand seized and ready to convey at appellant's election until he had attained his majority, and had then determined what he would do. It is a general rule of equity that a party entitled to a specific conveyance of property will not be permitted to hold back from an assertion of his rights and thus speculate on the advantage of performance, but he is required to be viligant and prompt in the assertion of those rights; otherwise equity will refuse its aid and leave the party to such redress which the law had left him by a suit for damages. *DeCordova v. Smith*, 9 Tex. 129.

Appellant would not, therefore, have had the right to insist that appellee stand seized of this title for the more than two years remaining of his minority. He could not have asked the enforcement of his contractual rights without complying with the implied condition of the contract that he act with reasonable promptness, and this is a condition which equity also imposes as a prerequisite before granting the relief of specific performance.

Appellant must, therefore, necessarily have moved to obtain specific performance at a time when he was still a minor, for to have waited beyond that time would have violated the equitable requirement that he move promptly, as well as the condition of the contract implied by law that he close the contract of purchase within a reasonable time. And when he did thus move his attitude would necessarily have been that of one who was asking for a relief which was not reciprocal, and which could not have been awarded against him on account of his minority. For

this reason a minor cannot maintain a suit to specifically perform a contract.

The case of *Cooper* v. *Pena*, 21 Cal. 403, was one in which a party agreed to perform certain services in consideration of the conveyance to him of a tract of land. Performance of the services was tendered and refused, whereupon a suit was brought to enforce specific performance of the contract. In the opinion of the Supreme Court of California, in which Chief Justice Field, afterwards a member of the Supreme Court of the United States, participated, it was held that, inasmuch as the plaintiff could not be compelled to complete the services which he agreed to perform, the fact that he offered to complete the services could not be treated as the equivalent of actual performance. The court said that the rejection of the offer by the defendant did not release the plaintiff from his obligation to perform as long as he insisted upon the agreement, but, as this was an obligation which the court could not enforce there was no principle of law which would justify the court in enforcing the obligation on the other side, and that the only course open to the court was to refuse the relief of specific performance, and leave the plaintiff to his remedy for damages. In the course of the opinion it was said: "Various grounds are urged by the defendant in support of the order, the principal one of which is the want of mutuality in the agreement. So far as the agreement is unperformed, the plaintiff cannot be compelled to perform it on his part, for equity will not enforce a contract for personal services, but leave the party to his remedy at law. In respect to the remedy, therefore, there is no mutuality, and it is universally admitted that equity will not enforce a contract, where the party asking its enforcement cannot himself be compelled to perform it. The contract must be just and equal in its provisions, and the subject-matter must be such that equity can take jurisdiction of it, and compel performance by both of the parties. The remedy must be mutual as well as the obli-

gation, and where the contract is of such a nature that it cannot be specifically enforced as to one of the parties, equity will not enforce it against the other. As a general rule, the question of mutuality is to be determined by the contract itself, and is not affected by circumstances occurring after the contract is made, and the rights of the parties are fixed.''

The court then quoted from the case of *Duvall* v. *Myers,* (2 Maryland Ch. Dec. 401) as follows: "The right to a specific execution of a contract, so far as the question of mutuality is concerned, depends upon whether the agreement itself is obligatory upon both parties, so that upon the application of either against the other the court would coerce a specific performance.' "

After announcing certain exceptions to the general rule that the want of mutuality at the time the contract was entered into (none of which exceptions are applicable here) is a sufficient reason for refusing to enforce the contract, the opinion proceeded to say: "In these cases, however, there are considerations which override the principle of mutuality; and we are not aware of any case involving a reciprocity of obligation, in which a contract has been enforced in favor of a party who had not actually performed it, or could be compelled to do so. It is safe to say that no such case exists, and that equity will not interfere in favor of one of the parties where it is incapable of doing justice to the other, by enforcing the entire contract according to its terms.''

Appellant insists, however, that he has at all times offered to perform, and that he ratified the contract after attaining his majority. We think, however, that this insistence is sufficiently answered by what we have said. When the contract was entered into, and when the performance thereof was due, appellant was a minor, and could not have been required to perform. There was lacking that mutuality of right and remedy which is essential to granting relief by decreeing specific performance, and the court below was right in denying that relief to appellant, and the decree to that effect is affirmed.