HAYDON *v.* HILLHOUSE.

5-443                                               270 S. W. 2d 910

Opinion delivered July 5, 1954.

[Rehearing denied October 4, 1954.]

958

*Catlett & Henderson* and *Barber, Henry & Thurman,* for appellant.

*Harry T. Wooldridge,* for appellee.

J. SEABORN HOLT, J. Appellee, Hillhouse, brought this suit and alleged in his complaint that on April 26, 1952, he purchased an automobile from appellant, Haydon, for $1,400.00, making a down payment of $550.00, and agreeing to pay a time balance in eighteen monthly installments of $67.55 each, that after the purchase Haydon transferred the contract (or notes) to appellant, Associates Discount Corporation; that he, Hillhouse, paid to Associates $743.05; that he was a minor at the time of the purchase; that for this reason the contract was void and no effect and prayed its cancellation, and for judgment against Haydon for $550.00 plus interest and against Associates for $743.05 with interest at 6% on each installment and that he be relieved from paying the seven remaining installments due on the contract. He offered to return and re-deliver the automobile. Appellants answered separately with general denials and as a further defense that Hillhouse, after becoming of age, by his conduct and actions, ratified the contract in question, which they pleaded as a complete defense. Haydon further pleaded estoppel and laches, and Associates pleaded appellee's default in payment of installment of April, 1953, and asked for return of the car.

Trial resulted in a decree for appellee and the relief for which he prayed. This appeal followed.

There appears to be little, if any, dispute as to material facts.

On the date (April 26, 1952) the contract, in question was made, Hillhouse was a student at Monticello A. & M. College where he kept the car. He was twenty years and ten months of age and became twenty-one on June 22, 1952. The car in question was a second-hand car. He testified that he did not clearly remember whether Hay-

don asked his age at the time he signed the contract. He frankly admitted that if Haydon had so inquired, he would have told him he was over twenty-one in order to get the car. "Q. You knew you had to be 21 to buy a car? A. Yes, sir. Q. Your testimony is to the effect you knew at the time you purchased it that when you became 21 you could buy a car? A. Yes, sir, that is right."

Appellee made eleven monthly payments, ten after he became twenty-one, some by postal money orders and some by cash, without complaint. He drove the car approximately 35,000 miles, after he was twenty-one, before he sought to rescind.

His own testimony disclosed that he knew his legal rights before he consulted his attorney. The car which appellee traded in, he had previously purchased from Glover Motors, which he financed through Universal C.I.T.

It is not disputed that appellee demanded and collected three collision damage losses after he reached twenty-one, the first was for $251.99 January 17, 1953, the next February 22, 1953, for $19.87, and the third for $12.10 on April 15, 1953. "Q. All three of those benefits you accepted after you became 21? A. Yes. Q. Did you file those claims with the company yourself? A. Yes, sir. . . . personally."

It further appears that at the time the contract was made Haydon agreed to replace the worn out cloth top on the car with a new one at the wholesale price of $45.00, when the retail price was $60.00. This agreement was consummated, as promised, after appellee became twenty-one, some time in October or November, 1952.

In the circumstances, we hold that appellee, by his conduct and actions, ratified the contract in question, which he executed during his minority and is therefore bound by it.

The law is well settled that such contracts are not void but voidable. As early as 1859, this court said: "Modern decisions, however, have established the rule,

that an infant's contracts are none of them absolutely void, that is, so far void that he cannot ratify them, after he arrives at the age of legal majority.

"It was, doubtless, competent for Kitsey Ann to ratify the contract of sale in question, after she was of full age, and this by parol.

"The mere fact that an infant does not disaffirm a contract after he attains his majority, is not, it would seem, of itself, a confirmation, but this fact may be made significant by circumstances." *Vaughan ad.* v. *Parr,* 20 Ark. 600.

We said in *Western Lawrence County Road Improvement District* v. *Friedman-D'Oench Bond Company,* 162 Ark. 362, 258 S. W. 378: "At § 537 of Page on Contracts (2d ed.), it is said: 'One who has entered into a contract which he might avoid because of personal incapacity, such as an infant, an insane person, a drunkard, and the like, has the election to affirm such contract, or to disaffirm it, and when he has exercised his election, with full knowledge of the facts, such election is final. Accordingly, if such person elects to affirm the transaction, his election is final and conclusive, without any new consideration.'

"It thus appears that ratification is a form of contract which requires no new consideration, if the voidable contract, made valid by ratification, was itself based upon a consideration."

Section 38-103, Ark. Stats. 1947, argued by appellee as supporting his contention, is not controlling here. This section provides: "No action shall be maintained whereby to charge any person upon any promise made after full age, to pay any debt contracted during infancy, unless such promise or satisfaction [ratification] shall be made by some writing signed by the party to be charged therewith." (Bracketed word inserted by compiler).

This section was approved March 5, 1838, but appears never to have been construed by this court.

Appellants are not basing their claim of ratification by appellee, Hillhouse, on any promises in writing and signed by him, *after he became twenty-one*, but on a promise and contract made by him during his minority and ratified by him after reaching his majority.

Kentucky and South Carolina have statutes, in effect, the same as above (§ 38-103) and the construction placed thereon by those cases, while not controlling, is persuasive on us. In *Robinson* v. *Hoskins,* 14 Bush Ky., 393, that court said: " It is true that the plaintiff can not sue upon the defendant's promise made after he was of age to pay the debt incurred during infancy, unless such promise is evidenced by a writing, but if the purchase is made during infancy, and the thing purchased has been kept and used by the infant till his arrival at age, and then converted to his own use, such conduct amounts to an election by the adult to stand by the contract made while he was an infant," and in *Jones* v. *Godwin et al.,* 187 S. C. 510, 198 S. E. 36 (1938), the South Carolina Court said: "Section 7048, Code, 1932, requiring written ratification of certain contracts of infants, is relied on by counsel for appellants, but as was said in the case of *Beam* v. *McBrayer,* 132 S. C. 72, 128 S. E. 34, an infant after attaining full age 'could be estopped by conduct to disaffirm the contract or to claim the benefit of the statute' (page 35)." See also, *Stern* v. *Freeman,* Ky. Rep., Vol. IV, (Metcalfe) page 278.

In the present case, we are dealing with a man who knew he could not legally buy a car until he became twenty-one, and was equally positive that he could legally buy a car after he had passed his twenty-first birthday. With this knowledge, after reaching his majority, he proceeded to sign and purchase money orders to apply on payments (10 of them), which he made. He also executed proofs of loss to recover for car damages growing out of three collisions, bought the new top, which was part of the original contract in question, and drove this used car in his own use approximately 35,000 additional miles within less than a year.

In the circumstances, we think the preponderance of the testimony shows that he affirmed the contract after his majority, became bound by it, is estopped from rescinding, and accordingly the decree is reversed and the cause is remanded for further proceedings consistent with this opinion.