SECURITY BANK *v.* McENTIRE.

5-1237                              300 S. W. 2d 588

Opinion delivered April 8, 1957.

668

*Garvin Fitton* and *Arnold M. Adams,* for appellant.

No brief for appellee.

GEORGE ROSE SMITH, J. This is an action by the appellant bank to enforce a promissory note for $385.88, executed by the appellee in connection with the purchase of a car. By his answer the appellee sought a rescission of the contract on the ground that he was only twenty years and four months old when the contract was made. At the first hearing in the case the trial court upheld the defendant's right to rescind, found that the car was worth $200 at the time of the sale, and allowed the defendant thirty days in which to make restitution in accordance with Act 337 of 1953. Ark. Stats. 1947, § 68-1601. At a second hearing the minor surrendered the car, which the court found to be then worth $175, and paid into court the $25 difference between the value of the car at the time of the sale and its value when surrendered. The trial judge held that since restitution had been made the bank was entitled to no other relief. In appealing from the judgment the bank assigns several asserted errors.

Basically, the bank contends that it did not sell the car to young McEntire but merely lent him the money to buy the vehicle from its previous owner, Harvey

Myers. Upon this premise the bank argues that, as far as it is concerned, McEntire is entitled to rescind the loan agreement only and that to do so he must make restitution by repaying the money.

The trial court rightly rejected this argument. McEntire did not borrow $385.88 for general purposes and later spend the money in a separate transaction with Myers. To the contrary, it does not appear that the bank actually advanced any money to McEntire or to any one else. Legal title to the car may have been in Myers, but he had mortgaged the vehicle to the bank and had apparently abandoned the car by leaving it with a garageman named Risley. Risley testified that the car belonged to the bank, as far as he knew, and that he acted as the bank's agent in selling the automobile to young McEntire. As far as the record discloses, McEntire merely signed a note for the purchase price and in return received title to and possession of the car, which was equitably owned by the bank. Thus there was but a single transaction, which the minor is entitled to avoid by giving back the only thing he received, the car in question.

It is next contended that the trial court acted prematurely in ascertaining the value of the car at the time of the sale without first requiring its surrender to the bank. We see no practical objection to this procedure, for the car's market value at a given prior date can certainly be proved without regard to who happens to have possession of the vehicle at the time of the hearing. Nor does the statute, cited above, support the appellant's argument. Among other things the statute provides in substance that if the infant no longer has the property he must repay its fair market value at the time of the sale. Hence the act itself contemplates that the market value may be determined without restitution having been made in kind. Nor is there merit in the suggestion that the court below erred in allowing McEntire thirty days in which to return the automobile, which was being held in Texas for nonpayment of a repair bill. This is not a question of substantive law but is

merely a procedural matter that rests within the sound discretion of the trial court.

Finally, the bank contends that the proof does not support the court's finding that the car was worth $200 at the time of its sale and $175 when surrendered. Young McEntire's testimony as to the $200 value of his own property was competent, *Phillips* v. *Graves,* 219 Ark. 806, 245 S. W. 2d 394, as was that of his father, who had owned more than a dozen automobiles. *Chunn* v. *London, etc., Co.,* 124 Ark. 327, 187 S. W. 307. The other valuation is supported by the testimony of two dealers called by the bank, both of whom said that they would expect to resell the car for $175.

Affirmed.