Mr. Sheldon Richardson, Director Arkansas Fire training Academy P.O. Box 3499 Camden, Arkansas 71701
Dear Mr. Richardson:
This is in response to your request for an opinion concerning the Arkansas Fire Training Academy's liability in connection with minors engaged in training at the Academy. You have posed six specific questions which are restated as follows:
 (1) As a training agency for all firefighters, paid or volunteer, should we allow minor students to participate in programs involving simulations of live fire or rescue activities?
 (2) If we do allow minors to participate, do we need a release of some sort indicating the student's awareness of the potential hazard of an exercise?
 (3) Can a signed release be used in our defense during a liability issue?
 (4) Can we be held criminally liable for accidental injury or death of a minor during a training session?
 (5) Can minors be active firefighters for volunteer or part-paid departments?
 (6) If so, are they limited in what activities they may participate in?
It should be noted initially that the Academy was created pursuant to the authority granted in A.C.A. 12-13-201 which provides:
 The State Board of Education shall construct a fire training academy at the Southern Arkansas University, Southwest Technical Branch, and shall maintain and operate at the academy a fire service training program.
The Academy is a division of Southern Arkansas University and is therefore a state entity. As such, and in response to your first question, it is immune from suit in the State of Arkansas under Art. 5, 20 of the Arkansas Constitution which provides simply:
 The State of Arkansas shall never be made defendant in any of her courts.
Thus, if the state is the real party in interest, the state will be immune and any recovery of a potential plaintiff would be through the State Claims Commission.[1] With this knowledge in mind, and with the guidance of the remaining conclusions of this opinion, it is up to the Academy, under the supervision of the university, to decide whether it is otherwise appropriate to allow minors to participate in the training activities, even though immunity, as a general matter, exists.
Your second and third questions deal with the necessity for a release, and the extent to which such a release would be admissible at trial. The immunity discussed under Question One to a large degree obviates the need for such a release. It should be noted, however, that if such a release were obtained from the minor, it would be voidable at the minor's election, pursuant to the principle that contracts of minors, unless for necessaries, are voidable at their election.[2] See St. Louis, I.M.S. Ry. v. Higgins, 44 Ark. 293 (1884), and generally Lamb v. Midwest Mutual Insurance Company, 296 F. Supp. 131, (W.D.Ark. 1969) aff'd421 F.2d 179 (8th Cir. 1970).
Your fourth question deals with potential criminal liability of the Academy for the participation of minors in the training activities. It appears that there is at least one criminal statute which may have general applicability to such a situation. Section 5-27-204 defines the offense of endangering the welfare of a minor, second degree, as follows:
 (a) A person commits the offense of endangering the welfare of a minor in the second degree if he knowingly engages in conduct creating a substantial risk of serious harm to the physical or mental welfare of one known by the actor to be a minor. (b) Endangering the welfare of a minor in the second degree is a Class A misdemeanor.
It should be noted that a criminal prosecution under the statute above would be against an individual, rather than the state. If the named defendant is a state official, or officer, he or she will generally be entitled to qualified immunity for acts committed within the sphere of his or her office, and will only be held liable if his or her conduct violates clearly established law which a reasonably person would have know. Robinson v. Beaumont,725 S.W.2d 839 (1987). We are without sufficient interpretive case law to predict whether the statute set out above would be interpreted by the courts as applicable to the situation you describe, and whether such a situation would be construed by the courts as clearly violative of the statute. It is my opinion, however, that the imposition of criminal liability upon the officers or directors of the Academy for authorizing the participation of minors in the training activities is unlikely. This may, however, be an instance where prudence would dictate a conservative approach.
It should be noted as an additional matter that the criminal sanctions imposed by the Arkansas child labor prohibitions found in A.C.A. 11-6-101 et seq. would not as a general matter be applicable to the training of minors as a part of a program on a state university campus, as opposed to the actual employment of minors.
In response to your fifth question, whether minors may be active firefighters for volunteer or part-paid departments, it must be pointed out that minors may not be members of fire departments in cities of the first class acting under civil service regulations because they do not meet the eligibility requirements set out in A.C.A. 14-52-301, (i.e. they are not 21 to 31 years of age). Your question, however, is whether minors can be employed by volunteer or part-paid departments, which presumably would not be subject to the regulations of civil service rules.
In order to answer this question, reference must be had to the laws regulating child labor in this state. Section 11-6-105 of the Arkansas Code provides:
 No child under sixteen (16) years shall be employed or permitted to work in any occupation dangerous to the life and limb, or injurious to the health and morals of the child, or in any saloon, resort, or bar where intoxicating liquors of any kind are sold or dispensed.
It is my opinion that this statute flatly prohibits minors under the age of sixteen from being employed as active firefighters, as that employment may be classified as dangerous to life and limb. The question then becomes whether minors from the age of sixteen to eighteen may be employed as active firefighters. There is no similar prohibition against the employment of these minors in occupations dangerous to life and limb, but 11-6-110 does set maximum work hours for such minors. They may not be permitted to work for more than six days in any week or more than fifty four hours in a week, nor more than ten hours in any day or before six a.m. or after eleven p.m., (except on a non-school night.) It thus appears that minors over the age of sixteen could be employed in volunteer or part-paid departments, so long as he above prohibitions are not violated. We are cognizant of the fact that the practical nature of firefighting, however, may render compliance with these limitations impossible. It should be noted as a final matter that these child labor laws are not applicable to any minor between the ages of sixteen and eighteen if the minor is a graduate of any high school, vocational school, or technical school, or is married or a parent. A.C.A. 11-6-102.
It is therefore by opinion, in response to your sixth question, that minors under the age of sixteen may not be employed as active firefighters under any circumstances, but that minors between the ages of sixteen and eighteen may be so employed as long as the laws governing their employment are not violated.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
[1] It should be noted that the immunity granted in Art. 5, 20 only obtains where the state is the real party in interest. This is a factual question to be determined by the court on a case-by-case basis. If the defendant is a state officer, qualified immunity is afforded, and the officer will only be liable if his or her conduct violates a clearly established law of which a reasonable person would have been aware.
[2] If the Academy desires the protection of a release, a more legally defensible position would be to require the minor's parent or guardian to sign a release and indemnification agreement. Such an agreement should, as a general matter, be admissible in any ensuing litigation. The document's substantive impact, however, will be a determination for the court.