KESTERSON *v.* HAYS.

Opinion delivered March 3, 1919.

1. TRIAL—TAKING QUESTION FROM JURY.—In an action for conversion, the court properly took from the jury a question established by uncontradicted evidence.

2. EVIDENCE—VALUE—OPINION OF NONEXPERT.—The value of canned fruit may be established by the opinion evidence of a nonexpert witness.

Appeal from Baxter Circuit Court; *J. B. Baker,* Judge; affirmed.

*Allyn Smith* and *W. C. Alley,* for appellant. *Dyer & Alley,* of counsel.

1. It was error to allow the witness to testify as to the fair market value of the fruit. The witness was not an expert nor was she shown to have had any knowledge of the value of fruit save and except store fruit at her home in Illinois. The real test was the market value of fruit at Cotter, where it was seized. This is too well settled to even cite authorities.

2. It was error to direct a verdict for appellee. There was a question for a jury. 206 S. W. 491; *Ib.* 143. Bessie Hays' testimony was not sufficient and she was really impeached as to morality and her brother's and sister's testimony proved nothing and the burden was on appellee. Under the proof it was error to direct a verdict. 203 Mass. 489; 89 N. E. 793-4.

3. The verdict is excessive even after the remittitur was entered, as it then allowed her 30 cents a quart for the fruit when the value at Cotter was only $8.40.

McCULLOCH, C. J. This is an action instituted by appellee against appellant to recover damages for certain personal property, of comparatively insignificant value, alleged to have been wrongfully converted by appellant. There was an issue in the case as to the ownership of the property, and also an issue as to the market value thereof. After all the testimony had been introduced, the court took away from the consideration of the jury the issue as to ownership of the property and directed a verdict in favor of appellee, but submitted the question of value in the assessment of damages for the conversion of the property.

The subject-matter of the litigation was a quantity of canned fruits which appellee asserted that she had prepared at the home of her parents in Baxter County, and owned. It is contended that the fruit in controversy was the property of her father and the same was seized under legal process as his property. Appellee introduced her own testimony and that of her brother and two other witnesses who were present at the house of her parents at the time the fruit was canned. Appellant introduced no

testimony on that issue at all, but contented himself with attacking the credibility of appellee as a witness.

We are of the opinion that the tesimony on that issue was uncontradicted, and that the court was correct in taking the question from the consideration of the jury. If the testimony of appellee herself be entirely discarded from consideration, still the remainder of the testimony is uncontradicted and shows indisputably that the property in controversy was owned by appellee. There was sufficient testimony to justify the award of damages under the judgment of the court.

In the course of appellee's examination she was asked to state the fair market value of the fruit at the time it was taken from her possession. The witness answered that she was "paying thirty cents a quart for fruit in Illinois." Counsel for appellant interposed an objection to the answer and moved that the same be stricken from the record, but the court did not make any ruling on the motion, and no exception was saved. The witness then added the following answer to the original question: "I was buying my fruit then and I valued this at thirty cents a quart." Counsel for appellant objected to that answer, too, and moved the court to exclude it, but the court overruled the objection, and an exception was properly saved.

The answer of the witness was responsive to the question propounded and tended to establish the market value of the property in controversy. Canned fruit is a simple article about which any intelligent witness is capable of giving testimony. It does not require an expert on the question of value to be able to testify as to the price of a simple commodity in such general use. *Chunn* v. *London & Lancashire Fire Ins. Co.*, 124 Ark. 327. The question of market value being one entirely of opinion of the witness who undertakes to testify on the subject, does not require expertness on the subject, but it is after all a question for the jury to determine under the circumstances how much weight is to be attached to

the testimony of the witness. *St. Louis & San Francisco Rd. Co.* v. *Shore,* 89 Ark. 418.

There being no error in the proceedings, the judgment is affirmed.