BOSTON INS. CO. *v.* FARMER.

5-2665                                    356 S. W. 2d 434

Opinion delivered April 9, 1962.

[Rehearing denied May 14, 1962.]

*Phillip H. Loh,* for appellant.

*Johnston & Rowell,* for appellee.

NEILL BOHLINGER, Associate Justice.   The appellees brought this suit in the Conway County Circuit Court to recover the sum of $916.50 for the loss of poultry in a fire which destroyed their poultry house and which house and poultry were insured against fire hazard by a policy of insurance issued by the appellant.

The issuance of the policy and its being in effect at the time of the fire are not contested here and it appears that the appellees have agreed with the appellant on a settlement for the loss of the building.

The issue in regard to the loss of the poultry was submitted to a jury under proper instructions and a verdict in favor of appellees in the sum of $916.50, plus interest and penalty, was returned by the jury and judgment in conformity with that finding, plus attorney's fee, was duly entered by the court.   The appellant does not take issue with the instructions given by the court and the sole point presented here is appellant's contention that there is no substantial evidence to support the verdict which the appellant alleges is excessive.

It appears that the appellees purchased a number of hens in June, 1959, for which they paid $1.64 each. The testimony is that at the time of the fire they had 1,400 hens and that the chief value of the poultry was for laying purposes.   Due to the age of the hens at the time of the fire it was testified that the hens had passed the peak of their egg producing capabilities and the appellee valued the hens at 75 cents each which, had all the hens been destroyed, would have made their loss $1,050.00.   However, they salvaged 102 hens that sold for 75 cents each, reducing their loss by $76.50, and 303 hens were so badly damaged in the fire that they were able to realize only 5 cents a pound for them which netted $57.00.   Deducting this salvage from the value of the

hens left a loss of $916.50 as set out in the prayer for relief.

There is testimony that the market value of hens at the time of the fire ranged from 9 to 12 cents a pound for meat purposes but there was also testimony that there was no market in Conway County for the type of chickens which the appellees had after the fire and the market price was whatever they could get for them. The appellees were confronted with the necessity of getting rid of 405 chickens, 303 of which were damaged in the fire, and with no place to house or care for them they seem to have sought the best market available, selling the undamaged hens at a price of 75 cents, and it is not shown that a higher sum was available anywhere. The damaged chickens were sold to a restaurant for eating purposes at 5 cents a pound.

The appellant does not question the competency of testimony for appellees but merely complains of the quality of it. A verdict will not be overturned if there is any substantial evidence to support it, *Elkins* v. *Nelson,* 196 Ark. 209, 118 S. W. 2d 287. See also *Missouri Pacific Rd. Co.* v. *Fowler,* 183 Ark. 86, 34 S. W. 2d 1071. Appellee, M. M. Farmer, testified as to the value of his property which he had a right to do. Any person, owner of personal property, may testify as to his opinion of its value. *Phillips* v. *Graves,* 219 Ark. 806, 245 S. W. 2d 394; *Missouri Pacific* v. *Fowler, supra; Security Bank* v. *McEntire,* 227 Ark. 667, 300 S. W. 2d 588. We said in *Kesterson* v. *Hays,* 137 Ark. 592, 209 S. W. 721:

"The question of market value being one entirely of opinion of the witness who undertakes to testify on the subject, does not require expertness on the subject, but it is after all a question for the jury to determine under the circumstances how much weight is to be attached to the testimony of the witness. *St. Louis & San Francisco Rd. Co.* v. *Shore,* 89 Ark. 418."

The evidence presented in this case raised a question for the jury, to which it was properly submitted, and we find from the record sufficient evidence from which

the jury could have and did find that the destroyed chickens were of a value of $916.50. That verdict we do not disturb.

There being no error, the cause is affirmed.