ARKANSAS STATE HIGHWAY COMM'N *v.*
SILAS R. STOBAUGH ET UX

5-4989                                              445 S. W. 2d 511

Opinion delivered September 29, 1969

[Rehearing denied November 3, 1969]

*Thomas B. Keys, Philip N. Gowen* and *Hubert E. Graves,* for appellant.

*Gordon, Gordon & Eddy,* for appellees.

GEORGE ROSE SMITH, Justice. In this proceeding the highway department is condemning, for Interstate 40, part of the appellees' improved residential lot in the city of Plumerville. The jury fixed the landowners' compensation at $8,000. In this court the department contends that there is no substantial evidence to support the verdict.

The taking cuts diagonally across the lot, coming within about a foot of the front corner of the house. Stobaugh valued the property at $18,000 before the taking and at $6,000 after the taking. The highway department does not question the latter figure, which is only a few hundred dollars above the corresponding figure given by the appellant's expert witnesses.

The department does contend that Stobaugh's initial valuation of $18,000 does not amount to substantial testimony. Stobaugh testified that he had owned and occupied the lot for about fifty years and that he had spent about $8,000 in enlarging and improving the house some six years before the trial. In view of his long familiarity with the property Stobaugh was competent, by reason of being the landowner, to give his opinion about the value of the property. *Arkansas State Highway Comm'n* v. *Russell*, 240 Ark. 21, 398 S. W. 2d 201 (1966).

Of course, it is true, as pointed out in that case, that the landowner's evaluation must be disregarded if he is unable on cross examination to give a reasonable basis for his opinion. In the case at bar, however, counsel for the highway department did not pursue their cross examination far enough to demonstrate that Stobaugh had no reasonable basis for his conclusions. Stobaugh mentioned what may have been a comparable sale, in which a house and lot was sold for $20,000. He also stated on redirect examination that he based his opinion on sales that he knew about in the city of Plumerville. Counsel for the condemnor made no effort to discredit the witness' testimony by probing further into

the basis for his beliefs. Hence the prima facie admissibility of the landowner's opinion was not destroyed on cross examination. His testimony is sufficient to support the verdict.

Affirmed.