Morris N. GARRETT *v.* Nancy M. TRIMUNE

5-6218                                         491 S.W. 2d 586

Opinion delivered March 19, 1973

*Guy Jones Jr., Guy H. Jones,* and *Phil Stratton,* for appellant.

*Davis, Plegge & Lowe,* for appellee.

George Rose Smith, Justice. This action arises out of a traffic collision on Interstate 40, near North Little Rock. In the court below the appellee, as plaintiff, obtained a $1,000 verdict and judgment for her property damage. For reversal the defendant argues two asserted errors in the admission of evidence.

Just before the collision the parties were both traveling east on a divided four-lane highway. The plaintiff testified that she was in the north lane and was overtaking a line of vehicles moving more slowly in the south lane. She said that the defendant, without giving any signal, suddenly pulled out in front of her, from the south lane. The plaintiff at once applied her brakes, but she was unable to avoid hitting the defendant's car as he attempted to return to the south lane.

State Police Officer Gravett, as a witness for the plaintiff, was asked if he attempted to determine in which lane the accident occurred. His answer was: "Yes, sir. I usually go by skid marks, debris, and what the drivers testify, and at the time the best I remember both agreed about where it happened was approximately five feet north of the center line." Later on the officer said that the debris on the highway was "[i]n the vicinity of how I stated the point of impact [a]while ago. It was in the north lane eastbound."

The defendant, citing *S and S Constr. Co.* v. *Stacks*, 241 Ark. 1096, 411 S.W. 2d 508 (1967), argues that the trial court erred in allowing the officer to express his opinion about the place of impact, the facts being so simple as to be within the jury's comprehension. Here, however, Officer Gravett did not express an opinion. He said, in effect, that the versions of both parties agreed that the collision occurred approximately five feet north of the center line. The defendant's statement was competent evidence against him, as an admission. *Sherman* v. *Mountaire Poultry Co.*, 243 Ark. 301, 419 S.W. 2d 619 (1967). Since the officer's testimony was admissible in part, the objection to the whole statement was properly overruled. *Eureka Oil Co.* v. *Mooney*, 173 Ark. 335, 292 S.W. 681 (1927).

It is also argued that the plaintiff should not have been allowed to state the value of her car before and after the collision, without a prior showing of expert knowledge on her part. The answer to that argument is that the plaintiff, as the owner of the car, was qualified to give her opinion of its value. *Phillips* v. *Graves*, 219 Ark. 806, 245 S.W. 2d 394 (1952). If the defendant thought that the plaintiff had no reasonable basis for her opinion, that fact should have been shown by cross-examination, as a foundation for a motion to strike the testimony. *Ark. State Highway Commn.* v. *Stobaugh*, 247 Ark. 231, 445 S.W. 2d 511 (1969). No such showing having been attempted, the testimony was admissible.

Affirmed.