SOUTHERN EQUIPMENT & TRACTOR CO.
*v.* K & K MINES, INC.

80-239                              613 S.W. 2d 596

Supreme Court of Arkansas
Opinion delivered April 6, 1981

*Napper, Wood, Hardin, Grace, Downing & Allen, P.A.,* for appellant.

*McHenry, Skipper & Choate,* for appellee.

FRANK HOLT, Justice. In 1976 appellee purchased a used track loader from appellant. In 1978 appellee sold the loader to Leonard Stacks. About a year later, when Stacks attempted to "trade in" the loader to an equipment dealer, it was discovered that the loader was a 1970 and not a 1975 model as represented to him by appellee. This prevented the consummation of a sale in which Stacks would have netted $5,000. Stacks filed suit against appellee seeking damages alleging reliance upon this misrepresentation of the year model. Appellee filed an answer denying any intentional misrepresentation and, also, a third party complaint against appellant, asserting it had repeated to Stacks the same 1975 year model representation which was made to it by appellant. Appellee sought recovery from appellant of any damages it was required to pay to Stacks. Appellant denied any such representation as to year model and affirmatively alleged, *inter alia*, that any representation that had been made as to year model did not become part of the basis of the bargain with appellee and, therefore, could not be construed as warranties. The court, sitting as a jury, awarded Stacks $4,500 damages against appellee and then awarded judgment over in that amount in favor of appellee against the appellant.

Appellant first contends that the court erred in failing to rule that the oral representations of appellant's salesman as to the year model did not constitute an express warranty, which was binding on appellee. Appellant argues that such a representation made by its salesman did not become part of the basis of the bargain with appellee and cannot be construed as a warranty. Appellant points out that the purchase order and invoices contain no reference to the year model of the track loader, and, further, these documents recite that the equipment is being sold without any warranty whatsoever except a five month manufacturer's warranty. In our view, the appellant's liability under the pleadings and the proof was predicated upon a material misrepresentation of the year model of the equipment and not on any theory of express or implied warranty. The trial court found for the appellee on this basis.

To prove materiality of a misrepresentation, it is only

necessary to show the misrepresented fact was a material influence on the decision; it must have been a substantial factor, but it is not necessary that it was the paramount or decisive inducement. This is a question of fact for the factfinder. Prosser, Law of Torts, 4th Ed., § 108; also see 37 Am. Jur. 2d, Fraud and Deceit, §§ 177 and 178. Here there was considerable testimony that the year model is a factor in the resale value of this type equipment. Also, the owner of appellee, K & K Mines, testified that the machine was represented to him by appellant as being a 1975 model, and he thought he was getting a "real good buy" when he purchased what he thought was a $26,000 machine for $15,000. We cannot say the trial court's finding was clearly erroneous. Ark. Rules of Civ. Proc., Rule 52.

Appellant next denies liability for the asserted misrepresentation of its salesman, arguing such representation is not usual or customary in sales of this type equipment and, therefore, is outside the scope of his authority, actual or implied. We note, at the outset, that this issue is not raised by the pleadings nor were the pleadings amended to conform to any such proof. Even if the argument was considered on its merits, it would fail. An agent, acting within the apparent scope of his authority, even though in violation of specific instructions, may bind his principal if the one with whom he is dealing does not have notice of these restrictions. *General Casualty Co. of America v. State*, 229 Ark. 485, 316 S.W. 2d 704 (1958); *Lakeside Bridge & Steel Company v. Duvall*, 179 Ark. 963, 19 S.W. 2d 1107 (1929). There is no persuasive evidence here that appellee knew of the salesman's lack of authority to represent the year model of the loader.

Appellant lastly contends the judgment over was based on evidence having no relation to the difference of the value of the track loader as sold and the value, if as represented, at the time of sale. Stacks had sought $4,577 from appellee as damages, as being the difference of the market value between the 1975 model which appellee sold to him and a 1970 model which Stacks actually received. The court awarded $4,500. A witness, who had 34 years experience in the sale and trade of heavy equipment, testified that according to the "blue book" used by dealers and lending institutions, there was a

$5,000 difference in the value of a 1970 and 1975 model. Appellant objected to this testimony because the witness had not shown he had access to information the publisher of the book had. The trial court then asked the witness to disregard the blue book and the problems posed by financing in the farm and equipment industry and give his opinion, based on his experience, as to the difference between the market value of the two model machines if in the same condition. There was no objection to this inquiry. It appears that the 1970 loader here was practically new. The witness replied that if both were in the same condition, there would be a difference in value on resale of $5,000. Evidence was also adduced from an officer of appellant that at the time this machine was sold to appellee, the sale price of a new 1975, not considering extras (which this one had) and freight, was in the neighborhood of $23,000. The year model was irrelevant, if as here, the model was in the same series. He, also, testified that, based on his experience, the sale of this loader for $15,000 by appellant to the appellee was commercially reasonable. This indicates a difference in value of $8,000 between the models. As previously indicated, the appellee testified that when he bought the machine from appellant he thought he was getting a $26,000 1975 model machine, with extras, for $15,000.

We think the evidence as to damages sufficiently demonstrates the difference between the market value of the loader as represented and the actual value of the loader at the time of the sale. Consequently, the trial court's finding that Stacks suffered damages of $4,500 with judgment over against the appellant is amply supported by the evidence.

Affirmed.