## WALT BENNETT FORD, INC.
### *v.* Judy BROWN

84-71 670 S.W.2d 441

Supreme Court of Arkansas
Opinion delivered June 11, 1984

2

*Gill, Skokos, Simpson, Buford & Owen, P.A.,* for appellant.

*James F. Swindoll, P.A.,* for appellee.

RICHARD B. ADKISSON, Chief Justice. Appellant, Walt Bennett Ford, Inc., sold a car to appellee, Judy Brown. The car was represented by the salesman and by the sales slip to be a "new demonstrator." A jury found that this representation was false and that the car had been wrecked and repaired prior to sale. The jury awarded appellee $2,000.00 compensatory damages which the Pulaski County Circuit Court reduced to $250.00 and $8,000.00 punitive damages which the circuit court allowed to stand. Appellant argues six points for reversal. Appellee cross-appeals, arguing the trial court erred in reducing the compensatory damages from $2,000.00 to $250.00. On appeal we affirm; on cross-appeal we reverse.

Appellant first argues there was not substantial evidence to support the jury's verdict. Appellee, Judy Brown, testified that she went to Walt Bennett Ford in response to their "T.V. ads" and told the salesman there she wanted a new car, a little smaller than her station wagon, and with front wheel drive. The salesman then showed her the 1981 Ford Fairmont automobile. He told her the car "sold for over $8,000.00," but because it was a demonstrator, he would sell it to her for $7,434.00.

When appellee drove the car home, a neighbor who had worked as a car body repairman examined the car and told

her that it had been wrecked. At trial the neighbor testified that he noticed a wad of bondo filler on the left front fender. He explained that body repairmen will beat a fender as straight as possible and then smear on the bondo, sand it, prime it, and paint it. He further testified that the braces on the car's core support were different colors, indicating that one was not the original. He testified that he noticed "overspray up here" when he looked at the hood stops and that "the grill don't match," and that "the gravel shield was not attached properly." He stated that when he saw appellee drive the car and back it in her driveway he noticed the automobile was painted two different shades of white. He further testified that in his opinion the car had been wrecked.

Another body repairman of thirty-nine years experience testified that he too had looked at the car and that in his opinion based on thirty-nine years of experience "it's definitely been wrecked." He itemized 1) bondo on the left front fender; 2) front fenders were not in line; 3) underside of inner shield had screws left out; 4) hood bumper blocks were painted over; 5) one grill brace was painted; the other one was not; 6) windshield washer reservoir wires had been disconnected and taped back together with masking tape instead of electrical tape; 7) left door windshield post was not the same color as the rest of the car; 8) left door and fender were not flush; 9) lower left front valve brace was missing.

The service manager for Walt Bennett Ford testified that pursuant to a warranty claim filed with Ford Motor Company, appellant replaced a left brace, or bracket, on the gravel deflector for a cost of $6.07. The manager stated that when a car comes from the factory, it is checked for damages and that Walt Bennett Ford gets paid for the warranty work done when damages are noted. The record reflects that replacement of the bracket was the only warranty work done by appellant on the automobile.

On appeal we view the evidence in the light most favorable to the appellee, and if there is any substantial evidence to support the verdict of the jury, we must affirm that verdict. ARCP Rule 52. We find the testimony of two

body repairmen that the car had been wrecked and the testimony of the service manager that the car was checked upon arrival and found to be undamaged except for a missing bracket constitute substantial evidence to support the jury's verdict.

Appellant next argues the trial court erred in admitting the testimony of the Ford Motor Company car merchandising manager concerning certain business records for that particular car. The merchandising manager, located in Memphis, testified that in the ordinary course of his business he sent and received memos to various persons in Ford Motor Company concerning the vehicle to determine whether there was any record of damage to the car before it was delivered to Walt Bennett Ford. When asked what the memos revealed he stated, that "there had been no damage reported," and that the records had been checked twice. Appellant contends that the manager was not the custodian of the records and, therefore, the testimony concerning the records should be excluded under Ark. Unif. R. Evid. 803(6) which provides that "the custodian of business records, or other qualified witness," can testify concerning those records. Appellant objected to the manager's testimony on the ground that he was not the custodian of the records. The trial court noted the objection but stated, "I'm going to let him testify," apparently finding the manager an "other qualified witness." Appellant failed to object to the testimony on the ground that the witness was not an "other qualified witness," basing his objection on the fact that the witness was not the custodian of the records. Error cannot be predicated upon a ruling admitting evidence unless a timely objection is made stating the specific ground of objection if the ground is not clear from the context. Ark. Unif. R. Evid. 103(a)(1). See *Pace* v. *State*, 265 Ark. 712, 580 S.W.2d 689 (1979). Appellant is thereby precluded from raising the issue of whether the witness was otherwise qualified for the first time on appeal. *Gay* v. *Rabon*, 280 Ark. 5, 652 S.W.2d 836 (1983).

Appellant further argues that the trial court erred in allowing appellee to testify as to the value of her car. It is well-settled Arkansas law that an owner of personal property is qualified to give an opinion as to its value.

*Phillips* v. *Graves,* 219 Ark. 806, 245 S.W.2d 394 (1952); *Boston Ins. Co.* v. *Farmer,* 234 Ark. 1007, 356 S.W.2d 434 (1962); *Garrett* v. *Trimune,* 254 Ark. 79, 491 S.W.2d 586 (1973); *L. L. Cole & Son Inc.* v. *Hickman,* 282 Ark. 6, 665 S.W.2d 278 (1984). Moreover, in *Moore Ford Co.* v. *Smith,* 270 Ark. 340, 604 S.W.2d 943 (1980), a case with facts almost identical to those in the instant case, this Court stated, "Mrs. Smith testified that in her opinion the vehicle she paid $4,624 for was actually worth only $2,300 at the time of purchase because of the repaired damage. An owner of property may testify as to its value." Accordingly, we hold no error was committed.

Appellant also contends the trial court erred in denying appellant's motion for judgment n.o.v. A trial court may enter judgment notwithstanding the verdict only if there is no substantial evidence to support the jury's verdict and one party is entitled by law to a judgment in his favor. *McCuistion* v. *City of Siloam Spring,* 268 Ark. 148, 594 S.W.2d 233 (1980). Since we determine there was substantial evidence to support the jury verdict, this argument is without merit.

On cross-appeal appellee maintains the trial court erred in reducing the compensatory damages from $2,000.00 to $250.00. The trial court set aside the jury determination as to the amount of compensatory damages, the difference between the value of a new vehicle and a wrecked vehicle, and substituted its own view as to these damages. In effect, this is tantamount to the trial court entering a judgment notwithstanding the verdict. We conclude that since there was substantial evidence to support the jury's verdict, the trial court erred in reducing the amount of compensatory damages from $2,000.00 to $250.00.

Since we affirm the jury's verdict as to the amount of compensatory damages, we do not reach appellant's last two arguments that the compensatory damages were merely nominal and that they were unsupported by the evidence.

Affirmed in part; reversed in part.

6

HOLLINGSWORTH, J., concurs in part and dissents in part; PURTLE, J., dissents; HAYS, J., not participating.

P. A. HOLLINGSWORTH, Justice, concurring in part; dissenting in part. I disagree with the majority when they state the appellant failed to object to the testimony on the ground that the merchandising manager was not an "other qualified witness." My review of the record reveals otherwise. Appellant's objection was raised as follows:

> Mr. Owen: Under Rule 803 of the Rule of Evidence, I think the cases have said that the business records themselves must be presented to the court by the custodian. I don't think Mr. Tesson is that person, even though the rule can be somewhat of a relaxed statement. If a witness cannot vouch to several things of Rule 803, that entry must be excluded. He must have knowledge of the method by which they keep those business records. Plaintiff has not satisfied Rule 803 to authorize introduction of these memos.

> THE COURT: I'm going to let him testify. I'll note your objections, save your exceptions.

It is obvious to me that the appellant's objection went beyond the ground that the manager was not the custodian of records. A rational mind could conclude after reading the record that the objection went to the testimony of Mr. Tesson as an "other qualified witness."

However, I believe the trial court was correct in overruling the current objection because Ark. Unif. R. Evid. 803 (6) makes the testimony admissible "if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, *unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.*" (emphasis added). In my view, the lack of trustworthiness was not shown and the majority is in error in their reasoning on this point.

JOHN I. PURTLE, Justice, dissenting. I believe the majority is wrong in reinstating the $2,000 award for compensatory damages. Rule 59(a)(5), ARCP allows for amendment of judgments where there is "error in the assessment of the amount of recovery, whether too large or too small." It is my opinion that the trial court did not abuse its discretion in reducing the compensatory damages and I would affirm the judgment as entered.