UNION LINCOLN MERCURY, INC. *v.* Ronald W. DANIEL, et ux.

85-106                                                          697 S.W.2d 888

Supreme Court of Arkansas
Opinion delivered October 21, 1985

206

*Gruber Law Office*, by: *Rita W. Gruber*, for appellant.

*Dodds, Kidd, Ryan & Moore*, by: *Donald S. Ryan*, for appellee.

DARRELL HICKMAN, Justice. Union Lincoln Mercury, a Little Rock automobile dealer, sold Debbie Daniel a used 1982 Mercury Cougar, which had been wrecked and repaired. The Daniels sued Union Lincoln for damages for misrepresentation under the theory of the tort of deceit. The jury believed Debbie Daniel's testimony and awarded the appellees $5,695 compensatory damages and $7,500 punitive damages. We affirm the judgment.

Debbie Daniel went to Union Lincoln to buy a used Mercury Cougar but could not arrange financing for the car she chose. The salesman, Preston Cowan, called her the next day and told her he had "a bigger car, a better car, for less money with more on it, more options . . ." This was a 1982 Cougar, which had been traded in that day by Rose Eskridge, a State Farm Insurance claims representative. She had purchased the car knowing it had been wrecked and repaired. She drove it for almost two years before she took it to Union Lincoln and told them it had been wrecked, was falling apart and wanted another car. Union Lincoln bought it through Little Rock Wholesale. Cowan asked his supervisor if he could sell the Cougar. He was given permission, and it was conceded Union Lincoln knew precisely the condition of the car.

Cowan said he told Mrs. Daniel that the car had been in a wreck and showed her the places where it had been repaired with

"bondo," a synthetic used to repair vehicle damage. He said that he could tell the car had been hit on both sides, and when Mrs. Daniel observed some places of repair he explained the damage. Mrs. Daniel denied this. She said what when she noticed scratches around the keyhole and asked Cowan about them, he replied that they were caused by other car doors hitting it, or keys, or shopping carts running into the door. There was a conflict of material fact—whether the customer was told the vehicle had been wrecked. Union contended it told the customer; the customer denied that, claiming deceit and intentional misrepresentation. The jury found for the customer.

▮▮▮ On appeal we only look to see if there is substantial evidence to support the verdict. *Walt Bennett Ford, Inc.* v. *Brown*, 283 Ark. 1, 670 S.W.2d 441 (1984); *E. I. DuPont de Nemours and Co.* v. *Dillaha*, 280 Ark. 477, 659 S.W.2d 756 (1983). Where there is conflicting testimony, it is within the province of the jury to resolve those conflicts. *See Williams* v. *O'Neal Ford, Inc.*, 282 Ark. 362, 668 S.W.2d 545 (1984). The jury was instructed that the appellees had to prove six elements by a preponderance of the evidence:

> Plaintiffs, Ronald and Debbie Daniel, claim against the defendant, Union Lincoln Mercury, Inc., has six essential elements as follows:
>
> First, that the defendant represented to the plaintiff that the 1982 Mercury Cougar automobile was in a reasonably good condition for a vehicle of its make and age and reasonably fit for the purpose for which it was intended;
>
> Second, that the representation was false;
>
> Third, that the representation was known by the defendant to be false when it was made;
>
> Fourth, that Ronald and Debbie Daniel relied on the representation and were deceived by it;
>
> Fifth, that Ronald and Debbie Daniel acted with ordinary prudence in relying on the representation; and
>
> Sixth, that the false representation was the proximate cause of damages to the plaintiff.

This instruction was given without objection and essentially sets forth the elements of the tort of deceit. *Storthz v. Commercial Nat'l Bank*, 276 Ark. 10, 631 S.W.2d 613 (1982). We conclude there was substantial evidence to support the jury's finding.

██ Union Lincoln argues that the jury was improperly instructed on the measure of damages for misrepresentation. It made no objection, and we will not consider the argument on appeal. ARCP Rule 51. It also contends there was not substantial evidence to support the compensatory damages of $5,695. Debbie Daniel paid $8,192 for the car. There was evidence admitted that the car was only worth $2,500 when it was purchased. The difference between the award and the purchase price is $2,497. We find there is substantial evidence to support the verdict.

██ We do not find any merit to the argument that there was not sufficient evidence to support the award for punitive damages. We have already found that there was substantial evidence of intentional misrepresentation, so it was proper to permit the jury to consider an award of punitive damages. *Ray Dodge, Inc.* v. *Moore*, 251 Ark. 1036, 479 S.W.2d 518 (1972). Neither is the amount excessive since that is a matter largely within the discretion of the jury. *See Ray Dodge, Inc.* v. *Moore, supra.*

Affirmed.

PURTLE, J., not participating.