Larry CLIFTON and Archie Ammons *v.* Robert GOOD and Christie Good

87-295                                                     745 S.W.2d 599

Supreme Court of Arkansas
Opinion delivered February 29, 1988

*Compton, Prewett, Thomas & Hickey, P.A.*, for appellant.

*Honey & Honey, P.A.*, for appellee.

DARRELL HICKMAN, Justice. This simple accident case was tried to the judge without a jury and he dismissed the appellants' claim for failure of proof, refusing to admit the appellants' evidence of medical expenses and damages to the vehicle. In the case of the former, the judge ruled the appellants had not shown the expenses were reasonable and necessary; in the case of the latter, he ruled there was a failure to show the "after" value of the vehicle. Clearly, the trial judge abused his discretion regarding the proof of damage to the vehicle.

The owner testified that the vehicle had a fair market value before the accident of $982. After the wreck, he said it was just scrap. When the court interjected that everything had some value, the owner testified he would give $25 for it; the fair market value was $25. The judge refused to admit the testimony.

It is settled law that the owner of property, both real and personal, may testify as to the value of property. *L. L. Cole & Son, Inc.* v. *Hickman*, 282 Ark. 6, 665 S.W.2d 278 (1984); *Walt Bennett Ford, Inc.* v. *Brown*, 283 Ark. 1, 670 S.W.2d 441 (1984). The judge should have admitted the evidence.

Since the trial judge erroneously refused to admit the testimony, he necessarily was wrong in dismissing the appellants' lawsuit for failure of proof because the evidence made a *prima facie* case for the factfinder.

The judge's ruling regarding the medical bills is not as clearly wrong as that regarding the damages to the vehicle, although the judge made it clear he was going to strictly hold the appellants to the standards of proof. Upon retrial, it is unlikely that the appellants will fall short in proving that the medical bills were reasonable and necessary. *See Bell* v. *Stafford*, 284 Ark. 196, 680 S.W.2d 700 (1984).

Reversed and remanded.