CLIFF PECK CHEVROLET, INC. *v.* Delois BROWN

CA 88-249                                          766 S.W.2d 953

Court of Appeals of Arkansas
Division II
Opinion delivered March 29, 1989

*Andrew L. Clark*, for appellant.

*John W. Walker, P.A.*, by: *R.S. McCullough*, for appellee.

JAMES R. COOPER, Judge. Cliff Peck Chevrolet, a Little Rock automobile dealer, sold the appellee, Delois Brown, a used 1982 Camaro on January 5, 1984. The appellee filed suit in Pulaski County Circuit Court seeking damages and alleging fraud, deceit and breach of contract. The complaint alleged that the vehicle sold to her was represented to be a Berlinetta model when in fact it was a Camaro Sport Coupe, a less expensive model. The complaint also alleged that the vehicle had been wrecked and that fact had not been disclosed to her. The jury found in favor of the appellee and awarded her $5,500.00 in damages. The only issue on appeal is whether the evidence at trial supports the jury's award of damages. We reverse and remand.

The measure of damages for misrepresentation is the difference between the market value of the automobile as represented and the actual value of the automobile at the time of the sale. *Southern Equipment & Tractor Co. v. K & K Mines, Inc.*, 272 Ark. 278, 613 S.W.2d 596 (1981). Viewing the evidence in the light most favorable to the appellee, we find that evidence of the actual value of the automobile at the time of sale is insufficient. *See Walt Bennett Ford, Inc. v. Brown*, 283 Ark. 1, 670 S.W.2d 441 (1984).

At the trial, the appellee testified that she paid $10,980.56 for a car which was represented to her to be a Berlinetta. The emblem on the car indicated that the car was a Berlinetta, and the salesman told her it was a Berlinetta. She stated that she had contacted the salesman several times specifically requesting a 1982 blue Berlinetta. When the appellee attempted to a get a part

for the car, she was told by a mechanic employed by the appellant that the car was actually a Sport Coupe. She also stated that she still owed $5,400.00 on the car and that she had not been able to sell the car because she was "upsided down in value" on it.

Two other witnesses testified that the car had been wrecked and a document was introduced into evidence which indicated the car had been sold as salvage. The car has been reconstructed by Larry Case, who is not a party to this appeal, and sold to Cliff Peck.

Bobby Ray Flint, an employee of Twin City Motors in North Little Rock, testified that he had been in the car business for thirty years and was presently employed as sales manager and buyer. He stated that in his opinion the difference in value in 1984 between a 1982 Berlinetta and a 1982 Sport Coupe was at least $2,000.00. He based his opinion on the 1987 "black book," which indicated a difference in value of $1800.00. He stated further that the difference in value in 1984 would have been greater than the difference in value in 1987.

Hal Hampton, the used car manager employed by the appellant, testified that he has bought and sold cars for sixteen years in his employment. He opined that the difference in retail value in 1984 between the two 1982 model automobiles was between $1,000.00 and $1,500.00. In forming his opinion he referred to the 1984 Southwest version of the NADA official used car guide, which reflected a difference in value of $875.00.

The missing element in the evidence in the record is the actual value of the automobile the appellee purchased at the time she purchased it. All of the expert witnesses agreed that the fact that the automobile had been wrecked would increase the difference in value that they had testified to, but not one witness testified as to the value of the wrecked 1982 Sport Coupe purchased by the appellee in 1984. *Southern Equipment and Tractor Co., supra; See Union Lincoln Mercury, Inc.* v. *Daniel*, 287 Ark. 205, 697 S.W.2d 888 (1985). On this record, it was impossible for the jury to determine whether the vehicle purchased by the appellee did or did not have a market value less than the purchase price paid.

In her brief, the appellee urges us to accept the fact that

the automobile she purchased had no value whatsoever at the time of trial. This argument is without merit. First, no witness so testified, and second, as noted earlier, the difference in value at the time of purchase, if any, rather than at trial, was the critical issue in the case.

The appellant requests that the damages be reduced to $2,000.00. However, because there is a lack of proof as to the value of the automobile at the time of purchase, the evidence will not support an award of $2,000.00. Because there has been a simple failure of proof, justice requires that this court remand the case to allow the appellee an opportunity to supply the defect. Only where the record affirmatively shows that there can be no recovery on retrial should the case be dismissed. *Crisp* v. *Brown*, 4 Ark. App. 208, 628 S.W.2d 596 (1982). In the present case we cannot say that the record affirmatively shows there could be no recovery and we therefore reverse and remand for a new trial.

Reversed and remanded.

CORBIN, C.J., and ROGERS, J., agree.