Don Paul SMITH *v.* STATE of Arkansas

CR 89-110                                      778 S.W.2d 947

Supreme Court of Arkansas
Opinion delivered November 6, 1989

*John Joplin*, for appellant.

*Steve Clark*, Att'y Gen., by: *Kay J. Jackson Demailly*, Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. The appellant, Don Paul Smith, was convicted on February 27, 1989, of rape, burglary, and theft of property. Smith was sentenced under the habitual offender code provisions, Ark. Code Ann. § 5-4-501 (1987), and received sixty years for rape, twenty years for burglary, and twenty years for theft of property. Both of the twenty year sentences are to run concurrently with the sixty year sentence, and the sixty year sentence is to run consecutively with a prior ten year sentence. On appeal, Smith contends that the trial court erred on five points.

The victim, a 56 year-old woman who lived alone in a first floor apartment, testified that after she had gone to bed on the evening of August 2, 1988, she was awakened by Smith's presence in her bedroom. Smith warned her, "Don't make any noise. I'm not going to hurt you." He then raped her, both vaginally and anally, gagged her, tied her to the bed, and subsequently escaped with her 1982 Toyota truck, a microwave oven, a camera, cash, a printing calculator, a stereo, and a seven coin set of silver mint proof U.S. coins. The victim was medically treated with sutures for vaginal tears that she received as a result of the rape.

## I. SPECIFIC INTENT FOR BURGLARY

Smith initially contends that the trial court erred by not granting his motion to dismiss the charge of burglary because the evidence was insufficient to show that he entered an occupiable structure with the specific intent to commit an offense punishable by imprisonment. We disagree.

In determining the sufficiency of the evidence upon appeal, the court not only considers the testimony that tends to support the verdict, but also views the testimony in the light most favorable to the appellee. *Williams* v. *State*, 289 Ark. 69, 709 S.W.2d 80 (1986). The trial court's decision is affirmed if there is any substantial evidence to support the verdict. *Williams* v. *State, supra*. Substantial evidence is evidence that is of sufficient force and character that it will, with reasonable and material certainty and precision, compel a conclusion one way or the other, forcing or inducing the mind to pass beyond a suspicion or conjecture. *Holloway* v. *State*, 293 Ark. 438, 738 S.W.2d 796 (1987) (citing *Williams* v. *State*, 289 Ark. 443, 711 S.W.2d 825 (1986)). In addition, the law makes no distinction between circumstantial evidence and direct evidence. *Perry* v. *State*, 277 Ark. 357, 642 S.W.2d 865 (1982).

"A person commits burglary if he enters or remains unlawfully in an occupiable structure of another person with the purpose of committing therein any offense punishable by imprisonment." Ark. Code Ann. § 5-39-201 (1987). We have held that a specific criminal intent, which is an essential element of the crime of burglary, cannot be presumed from a mere showing of illegal entry of an occupiable structure. *Norton* v. *State*, 271 Ark. 451, 609 S.W.2d 1 (1980). Also, the State must prove each and every element of the offense of burglary beyond a reasonable doubt and cannot shift to the defendant the burden of explaining his illegal entry by merely establishing it. *Norton* v. *State, supra*.

However, Smith's reliance on *Norton* is misplaced due to the ease with which the circumstances of that case can be distinguished from the facts in this case. At most, the evidence in *Norton* revealed that the defendant had been standing inside the doorway of an office building which he had illegally entered and from which nothing was taken. There was no evidence other than

the defendant's illegal entry to sustain a conclusion that his entry had been for the purpose of committing an imprisonable offense. Consequently, the court held that the element of criminal intent to commit an imprisonable offense was not established and his conviction of burglary was reversed.

In sharp contrast, the State, in this case, introduced into evidence the victim's testimony that during the early part of her encounter with Smith he asked her if she had any gold or diamonds and what kind of vehicle she drove. She also testified that Smith then told her that he was "going to make love to her." The State also introduced into evidence a statement that Smith had given to police authorities after he had signed a written waiver of his rights. In the statement, Smith admitted to entering the victim's apartment, raping her, and stealing her property.

■ It is quite evident that the trial court had sufficient evidence from which to determine Smith's culpable intent for burglary: the entry of another's occupiable structure for the purpose of committing an offense punishable by imprisonment. In this case, the offenses were theft and rape.

## II. IMPEACHMENT OF CREDIBILITY

Smith next alleges that the trial court erred in denying his motion *in limine* to prohibit the State from impeaching his credibility with a conviction for four counts of burglary when a conviction for two counts of forgery was available for impeachment purposes.

■ "For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted but only if the crime (1) was punishable by death or imprisonment in excess of one [1] year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to a party or a witness . . . ." A.R.E. Rule 609(a).

We will not consider this issue for it was not properly preserved for review. In *Simmons* v. *State*, 278 Ark. 305, 645 S.W.2d 680 (1983), we adopted the rule approved by the majority in *United States* v. *Cook*, 608 F.2d 1175 (9th Cir. 1979), where the majority summed up its ruling as follows:

In future cases, to preserve the issue for review, a defendant must at least, by a statement of his attorney: (1) establish on the record that he will in fact take the stand and testify if his challenged prior convictions are excluded; and (2) sufficiently outline the nature of his testimony so that the trial court, and the reviewing court, can do the necessary balancing contemplated in Rule 609.

In this case, Smith's statement to the court was markedly inadequate. Smith's counsel advised the trial court during a pretrial conference that "it's possible the defendant might testify, and if he testifies his testimony would be basically that he did not commit this burglary and rape." Needless to say, this meager statement does not satisfy either prong of the *Simmons* test.

A defendant's interplay with the trial court concerning the issue of the admissibility of his previous conduct is not uncommon. To avoid such occurrences, we choose, at this time, to extend the *Simmons* test and we now adopt the doctrine promulgated in *Luce* v. *United States*, 469 U.S. 38 (1984), which states that in order to raise and preserve for review the claim of improper impeachment with a prior conviction, a defendant must testify. *See United States* v. *Doyle*, 771 F.2d 250 (7th Cir. 1985). The doctrine will be applied prospectively only. The rationale supporting our adoption of the doctrine is succinctly addressed by the federal court.

To perform the weighing of the prior conviction's probative value against its prejudicial effect, as required by Rule 609(a)(1), the reviewing court must know the precise nature of the defendant's testimony, which is unknowable when, as here, the defendant does not testify. Any possible harm flowing from a trial court's *in limine* ruling permitting impeachment by a prior conviction is wholly speculative. Moreover, when the defendant does not testify, the reviewing court has no way of knowing whether the State would have sought so to impeach, and cannot assume that the trial court's adverse ruling motivated the defendant's decision not to testify. Even if these difficulties could be surmounted, the reviewing court would still face the question of harmless error. If *in limine* rulings under Rule 609(a) were reviewable, almost any error would result in automatic reversal, since the reviewing court could not logically term "harmless" an error that presumptively

kept the defendant from testifying. Requiring a defendant to testify in order to preserve Rule 609(a) claims enables the reviewing court to determine the impact any erroneous impeachment may have in light of the record as a whole, and tends to discourage making motions to exclude impeachment evidence solely to "plant" reversible error in the event of conviction. *Luce, supra.*

In effect, we preclude any gamesmanship between the State and the defendant and review a claim of error on this point with a more objective standard.

### III. SUPPRESSION OF STATEMENT

For his third point of error, Smith alleges that the trial court erred in overruling his motion to suppress a statement that had been obtained in violation of his right to a prompt first appearance. Rule 8.1 provides that "[a]n arrested person who is not released by citation or by other lawful manner shall be taken before a judicial officer without unnecessary delay." A.R.Cr.P. Rule 8.1.

Smith was arrested on the evening of August 24, 1988. The next morning, he was taken to a detective's office for questioning. At 7:55 a.m., he signed a rights waiver form and then gave a statement to police authorities in which he admitted to raping the victim and stealing her property. At the conclusion of the interview, which lasted approximately forty minutes, Smith was fingerprinted and then taken to the court to be arraigned at a few minutes after 9:00 a.m. The court normally held its arraignments at 9:00 a.m.

Smith argues that these events represent an unnecessary delay in his being brought before a judicial officer and that his statement should be suppressed as a result of this unnecessary delay. There are three requirements for finding a violation of A.R.Cr.P. Rule 8.1: (1) the delay must not be necessary, (2) the evidence sought to be suppressed must be related to the delay, and (3) the evidence must be prejudicial. *Branscomb* v. *State*, 299 Ark. 482, 774 S.W.2d 426 (1989).

Smith had been informed of his rights and he had voluntarily waived them prior to being questioned. He cannot

now claim that his incriminating statement should be suppressed under Rule 8.1 because there has been no showing that the few minutes delay in bringing Smith before a judicial officer was unnecessary.

## IV. AMENDED INFORMATION

The fourth point of error Smith presents is that the trial court erred in allowing the State to amend the wording of the information to reflect that four or more felonies would be used to establish habitual offender status.

On January 27, 1988, Smith was charged by amended information with having previously been convicted of four felonies. On January 30, 1988, another amended information was filed in which Smith was charged with having previously been convicted of two felonies. The amended information about which Smith complains was made by the State on February 27, 1989, upon oral motion after the jury had returned a guilty verdict but before Smith had been sentenced.

Under the enhanced sentencing provisions contained in Ark. Code Ann. § 5-4-501(b) (1987), "[a] defendant who is convicted of a felony committed after June 30, 1983, and who has previously been convicted of four (4) or more felonies or who has been found guilty of four (4) or more felonies, may be sentenced to an extended term of imprisonment . . . ." After the jury had returned with its verdict of guilty, but prior to the punishment phase of the proceedings, the court allowed the State to amend the wording of the amended information to reflect prior convictions of four or more felonies.

■ Under A.R.Cr.P. Rule 17, the accused is entitled to know before trial the range of possible punishment that he faces, and the information requested must be furnished in sufficient time to permit the beneficial use of it by the defense. *Malone* v. *State*, 292 Ark. 243, 729 S.W.2d 167 (1987). However, "[t]he prosecuting attorney or other attorney representing the state, with leave of the court, may amend an indictment as to matters of form . . . ." Ark. Code Ann. § 16-85-407(a) (1987).

■ In this case, Smith was aware on February 13, 1989, two weeks prior to his trial, that a total of six prior felonies would

be used for enhanced sentencing purposes. At that time, he argued at a pre-trial hearing for a motion to dismiss the count alleging that he was a habitual offender. At that pretrial hearing, Smith knew that the State intended to present two forgery convictions and four burglary convictions at the sentencing phase of the trial. The court, then, was merely conforming the information to the understanding of the parties when it allowed the State to amend the information.

## V. VALUE OF STOLEN PROPERTY

The final point on appeal is Smith's contention that the trial court erred in permitting the owner of a stolen vehicle to testify as to its purchase price.

"It is well-settled Arkansas law that an owner of personal property is qualified to give an opinion as to its value." *Walt Bennett Ford, Inc.* v. *Brown*, 283 Ark. 1, 670 S.W.2d 441 (1984); *see Phillips* v. *Graves*, 219 Ark. 806, 245 S.W.2d 394 (1952). Opinion testimony of an owner concerning the value of his property which was stolen is admissible and will constitute substantial evidence if the owner knows the value of his property. *Cannon* v. *State*, 265 Ark. 270, 578 S.W.2d 20 (1979).

The victim testified that, in 1985, she had purchased her 1982 Toyota truck for $4350.00. She stated that the truck had been in good condition when she bought it, that she had maintained it in substantially the same condition, and that she considered the value to be the same.

In addition to the 1982 Toyota truck, the victim testified that Smith had stolen a microwave oven, a camera, cash, a printing calculator, a stereo, and a seven coin set of silver mint proof U.S. coins and that these items had a total value of approximately $900.00. If the defendant thought that the victim had no reasonable basis for her opinion, that fact should have been shown by cross-examination, as a foundation for a motion to strike the testimony. *Garrett* v. *Trimune,* 254 Ark. 79, 491 S.W.2d 586 (1973) (citing *Arkansas State Highway Comm'n* v. *Stobaugh,* 247 Ark. 231, 445 S.W.2d 511 (1969). As no such showing was attempted, the testimony was admissible.

Smith was convicted of Theft of Property, Class B felony.

The State had to prove that the value of the property taken from the victim was $2500.00 or more. Ark. Code Ann. § 5-36-103(b)(1)(A) (1987). We find that the testimony presented, when taken as a whole, satisfies this requirement.

Accordingly, we affirm the judgment of the trial court.

Affirmed.