Henry NIEMEYER *v.* Beverly Eugene GRIFFIN and Joann Griffin

91-311                                    826 S.W.2d 821

Supreme Court of Arkansas
Opinion delivered April 6, 1992

*Wetzel, Jones, Pruniski & Moore, P.A.*, by: *John E. Moore, Jr.*, for appellant.

*Wallace & Hamner*, by: *Michael A. LeBoeuf*, for appellee.

JACK HOLT, JR., Chief Justice. The primary issue presented is whether the chancellor erred in finding that the language in a deed creating an easement was ambiguous and consequently erred in going beyond the terms of the easement to determine the extent of the easement granted. We find that the chancellor erred in restricting the easement to 21 feet and hold that the easement, by its express language, contemplates a 30 foot wide easement.

On October 25, 1985, the appellees, Beverly Eugene and Joann Griffin, purchased property subject to the following easement created in 1957 by a predecessor in title:

> This conveyance is subject to additional right-of-way easement of five (5) feet along the East line of lands herein conveyed in order that Crystal Valley Road have a total r/w of Sixty (60) feet; *also subject to easement for public roadway across the west 30 feet of lands herein conveyed, providing ingress and egress across Plots 20 and 21 from Whipporwill Lane to the NW¼ SE¼, Section 25, Township 1 North, Range 14 West, Pulaski County, Arkansas.*

(Emphasis added.)

On October 8, 1990, after discussions with the appellant, Henry Niemeyer, regarding his proposed improvements to the area described in the easement, the Griffins filed a complaint in the Pulaski County Chancery Court seeking an injunction to prohibit Mr. Niemeyer from proceeding with his plans. Mr. Niemeyer answered and counterclaimed by seeking an injunction against the Griffins to prohibit them from obstructing his ingress and egress over the area described in the easement.

The chancellor determined on May 9, 1991, that the

emphasized language in the easement was ambiguous and held that 21 feet was an adequate quantity of land so as to allow reasonable use by both parties.

Mr. Niemeyer filed a motion for reconsideration, amendment of judgment, or new trial, which was denied by the chancellor, and he now appeals. We find that the chancellor erred and reverse.

It is a well-settled principle of law that where an instrument is unambiguous on its face, extrinsic evidence is inadmissible to contradict or vary its terms. *Brown Properties, Inc.* v. *Looper*, 293 Ark. 133, 732 S.W.2d 471 (1987)(citing *Lane* v. *Pfeifer*, 264 Ark. 162, 568 S.W.2d 212 (1978)). In this case, the chancellor specifically found that the word " 'across' is not a definitive, geometric, or spacial designation of width. It is an action. It is going from one point to another, getting there. And within that 'across,' the issue the Court is to decide is what is reasonable under the circumstances at this point for ingress and egress."

The word "across" is defined as "from one side to the opposite side of," Webster's Third New International Dictionary (1961), and "[f]rom side to side. Transverse to the length of." Black's Law Dictionary (5th ed. 1979). Interposing these definitions in place of the word "across" in the express easement, the language reads as follows:

> . . . also subject to easement of public roadway [from one side to the opposite side of] the west 30 feet of lands herein conveyed, providing ingress and egress [transversing the length of] Plots 20 and 21 . . . .

In viewing the plot plan furnished to the trial court as Exhibit 3 and reproduced below,

it can easily be seen that the language provides that the parameters of the easement on the west side of the conveyed property are 30 feet wide and the length of Plots 20 and 21. Consequently, as the terms are definite and unambiguous, it was error for the chancellor to admit extrinsic evidence to contradict its terms.

The chancellor's reliance on *Aladdin Petroleum Corp.* v. *Gold Crown Properties*, 561 P.2d 818 (Kan. 1977), and *Hyland* v. *Fonda*, 129 A.2d 899 (N.J. 1957) is misplaced. In *Aladdin Petroleum Corp.*, the court construed the words "along and across approximately the west 60 feet of said property" as a description of the general area and location of an easement. The easement is not qualified by the word "approximately" in this case.

In *Hyland*, the New Jersey court found ambiguity in the following language: "right of ingress and egress for roadway purposes along a strip 25 feet in width." In looking to the surrounding circumstances, the court found that the reservation was "not to be construed as having necessarily withheld for the benefit of the occupants of the rear property a continuous right to the absolute use at all times of a roadway actually 25 feet wide, whether or not so much was reasonably necessary for ingress and egress." The court did not interpret the word "across," but

instead made its determination on the use of the word "along" in that case.

Accordingly, we reverse the chancellor's finding of fact that the terms of the easement were ambiguous, and her resulting decision that the reasonable use of the easement was 21 feet, and hold that Mr. Niemeyer's easement encompasses the full 30 foot width expressly enumerated in the provision of the easement.

Reversed.

HAYS, J., dissents.